1
2
3
4
5
6
7
8 **UNITED STATES DISTRICT COURT**
9 **CENTRAL DISTRICT OF CALIFORNIA**
10 **WESTERN DIVISION**

| | |
|---|---|
| MICHAEL ANDREW ROBINSON, an individual; GRABBA LEAF, LLC, a Florida limited liability company,<br><br>   Plaintiffs,<br><br>  vs.<br><br>BEST PRICE DISTRIBUTORS, LLC, a California limited liability company, doing business as WESTERN WHOLESALE and as QUICK TOBACCO WHOLESALE; KHALED M. AHMED, an individual; SANDRA S. CERVANTES, aka SANDRA AHMED, an individual<br><br>Defendants. | **Case No. 21-cv-06689-RGK-JC**<br><br>**The Hon. R. Gary Klausner**<br><br>**MODIFIED STIPULATED PROTECTIVE ORDER**<br><br>**[CHANGES MADE BY COURT]** |

WHEREAS, to facilitate the production and receipt of information during discovery in the above-captioned litigation (the "Litigation"), Plaintiffs Michael Andrew Robinson and Grabba Leaf, LLC (collectively, "Grabba Leaf" or "Plaintiffs") and Defendants, Best Price Distributors, LLC, doing business as Western Wholesale and as Quick Tobacco Wholesale, and Khaled M. Ahmed and Sandra S. Cervantes, a/k/a Sandra Ahmed (collectively, "Western Wholesale" or "Defendants"; Grabba Leaf and Western Wholesale collectively shall be referred to as the "Parties" or, if referred to individually, as a "Party") agree and stipulate, through their respective counsel, to the entry of the following Protective Order for the protection of *Confidential* and *Highly Confidential Materials* (as defined herein) that may be produced or otherwise disclosed during the course of this Litigation by any party or non-party. The Court has been fully advised in the premises and has found good cause for its entry.

Accordingly, IT IS HEREBY ORDERED that the terms and conditions of this Protective Order shall govern the handling of discovery materials in the Litigation:

**1.     Applicability of Order:**  This Order does not and will not govern any trial or other in court proceedings in this Litigation, but will otherwise be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from a party in connection with the Litigation (this information hereinafter referred to as "Discovery Material").  As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties to this action that give testimony or produce documents or other information, and "Receiving Party" shall refer to the parties to this action that receive such information.

/ / /

**2.** **Designation of Material:** Any Producing Party may designate Discovery Material that is in its possession, custody or control to be produced to a Receiving Party as *Confidential* or *Highly Confidential* under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential material as defined in Para. Nos. 4 and 5 below, (hereinafter *Confidential Material* or *Highly Confidential Material*).

**3.** **Exercise of Restraint and Care in Designating Material for Protection:** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

**4.** **Confidential Material:** For purposes of this Order, *Confidential Material* is any information that a party believes in good faith to be confidential or sensitive information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G) or the former Rule 26(c)(7).

**5.** **Highly Confidential Material:** For purposes of this Order, *Highly Confidential Material* is any *Confidential Material* as defined in Para. No. 4 which also includes non-public product design and testing information or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party.

**6.     Designating Confidential Material or Highly Confidential Material:**  The designation of Discovery Material as *Confidential Material* or *Highly Confidential Material* for purposes of this Order shall be made in the following manner:

     **a.     Documents:**  In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend *Confidential* or *Highly Confidential* to each page containing any *Confidential* or *Highly Confidential Material*, respectively.

     **b.     Deposition and Other Proceedings:**  In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) which a Party believes contains *Confidential Material* or *Highly Confidential Material* shall be made:  (i) by a statement to such effect on the record during the proceeding in which the testimony is received; or, (ii) by written notice served on counsel of record in this Litigation within five (5) business days after the receipt of the draft transcript of such proceeding. However, before such five (5) day period expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as *Highly Confidential Material*.  All portions of deposition transcripts not designated *Confidential Material* or *Highly Confidential Material* as provided in Para. Nos. 4 and 5 shall be deemed not confidential.

     **c.     Non-Written Materials:**  Any non-written *Confidential Material* or *Highly Confidential Material* (*e.g.*, videotape, audio tape, computer disk, *etc*.) may be designated as such by labeling the outside of such non-written material designated as *Confidential* or *Highly Confidential*.  In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such "hard copy" transcription shall take reasonable steps to maintain the confidentiality of such materials.

**7.    Inadvertent Disclosure:**  The inadvertent failure to designate Discovery Material as *Confidential* or *Highly Confidential* does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the inadvertent disclosure, with the effect that such Discovery Material will be subject to the protections of this Order.  The Receiving Party shall exercise good faith efforts to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Discovery Material has been marked with the appropriate confidentiality legend by the Producing Party.

**8.    Notes of *Confidential Material* or *Highly Confidential Material*:** Any notes, lists, memoranda, indices, compilations prepared or based on an examination of *Confidential Material* or *Highly Confidential Material*, that quote from or paraphrase, *Confidential Material* or *Highly Confidential Material* with such specificity that the *Confidential Material* or *Highly Confidential Material* can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying *Confidential Material* or *Highly Confidential Material* from which they are made and shall be subject to all of the terms of this Protective Order.

**9.    Notice To Non-Parties:**  Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within ten (10) business days, the non-party either request the protection of this Protective Order or notify the issuing party that the non-party does not need the protection of this Protective Order or wishes to seek different protection.

**10.    Persons Authorized To Receive *Confidential Material*:**  Discovery Material designated *Confidential* may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

**a.**     The Court, persons employed by the Court who are necessary for the handling of the Litigation, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this Litigation or any appeal there from;

**b.**     Counsel of record in this Litigation, as well as additional counsel, paralegals, technical, administrative and clerical employees working under the direct supervision of such counsel;

**c.**     Subject to Para. No. 12 hereof, experts or consultants assisting any counsel of record in this Litigation, provided such experts and consultants have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Ex. A;

**d.**     Michael A. Robinson, provided that he signs the "Agreement Concerning Information Covered by Protective Order" attached as Ex. A;

**e.**     Khaled M. Ahmed, provided that he signs the "Agreement Concerning Information Covered by Protective Order" attached as Ex. A;

**f.**     Sandra S. Cervantes, a/k/a Sandra Ahmed, provided that she signs the "Agreement Concerning Information Covered by Protective Order" attached as Ex. A;

**g.**     Officers, directors or employees of parties who have a need to know such information for purposes of this Litigation and who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Ex. A;

**h.**     Graphics, translation, or design services retained by counsel of record in this Litigation for purposes of this Litigation, provided such services have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Ex. A. A signature by an authorized representative of the company who confirms that he or she has appropriately advised the

relevant employees of the confidentiality obligations in this order and taken reasonable steps to comply thereto shall be sufficient;

**i.**     Commercial copy vendors retained by counsel of record in this action for purposes of this Litigation, provided such vendors have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Ex. A.  A signature by an authorized representative of the company who confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this order and taken reasonable steps to comply thereto shall be sufficient;

**j.**     During their depositions, witnesses in the Litigation who agree on the record to maintain the confidentiality of relevant documents or information shown to them or who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Ex. A (except that persons described in sub-paragraph (k) below do not need to sign Ex. A to be shown *Confidential Material* in their depositions).  In the event of refusal of the witness to execute such confidentiality agreement, such witness shall nevertheless be deemed bound by the terms of this Order; furthermore the party or parties seeking to use such information and the Producing Party will secure from a court having jurisdiction over such witness such order and directions directed specifically to such witness containing such provisions as are consistent with the terms of this Order; and the Producing Party will cooperate fully in the making of any such application;

**k.**     Any person indicated by a document marked as *Confidential Material* to be an author, addressee, or copy recipient of the *Confidential Material*, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the *Confidential Material*; and,

**l.**      Any other person, only upon order of the Court or upon stipulation of the Producing Party who has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

**11.    Persons Authorized To Receive *Highly Confidential Material*:** Except as specifically provided for in this or subsequent Court orders, *Highly Confidential Material* or its contents shall not be disclosed, summarized, described, or otherwise communicated or made available in whole or in part to any person or entity, directly or indirectly, other than the following:

**a.**      The Court, persons employed by the Court who are necessary for the handling of the Litigation, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this Litigation or any appeal there from;

**b.**      Counsel of record in this Litigation, as well as additional counsel, paralegals, technical, administrative and clerical employees working under the direct supervision of such counsel, provided each has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Ex. A;

**c.**      Subject to Para. 12 hereof, experts or consultants necessary to assist counsel of record in this Litigation, provided such experts and consultants have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Ex. A;

**d.**      Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits, provided such services have signed the "Agreement Concerning Information Covered by Protective Order" attached as Ex. A;

**e.**      Commercial copy vendors retained by counsel for purposes of this Litigation, provided such vendors have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Ex. A;

**f.**     During their depositions, witnesses in the Litigation to whom disclosure is reasonably necessary and who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Ex. A (except that persons described in sub-paragraph (g) below do not need to sign Ex. A to be shown *Highly Confidential Material* in their depositions);

**g.**     Any person indicated by a document marked *Highly Confidential Material* to be an author, addressee, or copy recipient of the *Highly Confidential Material*, or as to whom there has been testimony, whether at deposition or trial or by declaration or affidavit, that the person was the author or recipient of the *Highly Confidential Material*; and

**h.**     Any other person, only upon order of the Court or upon stipulation of the Producing Party, and who has signed the "Agreement Concerning Information Covered by Protective Order" attached as Ex. A.

**12.     Use of Discovery Material:**  Discovery Material containing *Confidential* and/or *Highly Confidential Material* shall be used solely for purposes of the Litigation, including any appeal and retrial.  Any person or entity in possession of Discovery Material designated *Confidential* or *Highly Confidential* (defined below) shall maintain those materials in accordance with Para. No. 15 below.

**13.     Agreement Must Be Signed Prior To Disclosure.**  Each person to whom *Confidential* or *Highly Confidential Material* may be disclosed that is also required to sign the "Agreement Concerning Information Covered by Protective Order" (attached hereto as Ex. A) pursuant to Paragraphs 10(c)-10(j) and 10(l), 11(b)-11(f), and 11(h) shall do so prior to the time such Material is disclosed to him/her.

**14.     Exclusion of Individuals From Depositions:**  Counsel for any Producing Party shall have the right to exclude from depositions any person who is not authorized by this Order to receive documents or information designated

*Confidential* or *Highly Confidential*, but only during periods of examination or testimony directed to or comprising information that is *Confidential* or *Highly Confidential*.

**15.    Storage of *Confidential Material* or *Highly Confidential Material*:** The recipient of any *Confidential Material* or *Highly Confidential Material* that is provided under this Protective Order shall maintain such information in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under this Order.

**16.    Filing of Confidential Material or Highly Confidential Material.** Without written permission from the Producing Party or a court order, a party may not file in the public record in this action any *Confidential Material* or *Highly Confidential Material*.  The parties shall comply with L.R. 79-5 when seeking to file *Confidential Material* or *Highly Confidential Material* under seal.

The party desiring to place any *Confidential Material* or *Highly Confidential Material* before the Court shall lodge the information in a sealed envelope along with an application to file the papers or the portion thereof containing *Confidential Material* or *Highly Confidential Material* under seal and a copy of a Proposed Order Sealing Documents. Said envelope shall be endorsed with the title of the Litigation, an indication of the nature of the contents of such sealed envelope, the identity of the party filing the materials, the phrase *Confidential Material* or *Highly Confidential Material*, and a statement substantially in the following form:

THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS LITIGATION.  IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED, OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.  UNLESS THE COURT ORDERS THAT IT NOT BE FILED, IT SHALL BE FILED UNDER SEAL.

Additionally, within five (5) business days from the date that the papers (or portions thereof) were filed under seal consistent with the above procedures, the Party who filed the papers under seal also shall file in the public record a version of the papers that has been redacted to omit the *Confidential Material* or *Highly Confidential Material* (or any references thereto).

The parties also shall comply with L.R. 79-5.4 with respect to the appropriate treatment of personally identifying information in connection with any filing with the Court.

**17.    No Prejudice:**  Agreeing to be bound by this Protective Order, agreeing to and/or producing or receiving *Confidential Material* or *Highly Confidential Material* or otherwise complying with the terms of this Order shall not:

**a.**    Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be *Confidential Material* or *Highly Confidential Material*;

**b.**    Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

**c.**    Prejudice in any way the rights of a party to seek a determination by the Court whether any *Confidential Material* or *Highly Confidential Material* should be subject to the terms of this Order;

**d.**    Prejudice in any way the rights of a party to petition the Court for a protective order relating to any purportedly confidential information; or

**e.**    Prevent a Disclosing Party from authorizing disclosure of its own *Confidential Material* or *Highly Confidential Material* to any party.

**18.     Challenging Designation of Materials:**  A party shall not be obligated to challenge the propriety of a *Confidential Material* or *Highly Confidential Material* designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto at any time during the pendency of this Litigation that is not inconsistent with the District Judge's scheduling/other orders.

**a.     Challenge:**  The Receiving Party may challenge the propriety of a *Confidential Material* or *Highly Confidential Material* designation by providing to Producing Party a writing which briefly: (i) identifies with reasonable particularity the documents and/or information which are the subject of the challenge; (ii) describes the basic legal or factual grounds for the challenge; and, (iii) requests to "meet and confer" concerning the matter (per L.R. 37-1).

**b.     "Meet and Confer" and Motion:**  Once a challenge is made, the Producing Party must "meet and confer" with the Receiving Party within ten (10) business days from the date of the request; and, if necessary, Producing Party will bear the burdens of proof and persuasion in moving for a Protective Order (per L.R. 37-2) to uphold the challenged *Confidential Material* or *Highly Confidential Material* designation(s).  If the Producing Party does not initiate the discovery motion process under L.R. 37 within ten (10) business days following the "meet and confer" meeting, the subject *Confidential Material* designation or *Highly Confidential Material* designation is effectively withdrawn and the subject documents and material may be used for all purposes in this Litigation.  The Receiving Party must make de-designation requests in good faith.

**c.     Status of Challenged Designation Pending Judicial Determination:**  Until the court rules on the timely filed Motion for Protective Order, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**19.    No Application to Public or Otherwise Available Information:** This Order shall not limit or restrict a Receiving Party's use of information that the Receiving Party can demonstrate: (i) was lawfully in the Receiving Party's possession prior to such information being designated as protected material in the Litigation and that the Receiving Party is not otherwise obligated to treat as confidential; (ii) was obtained without any benefit or use of protected material from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; (iii) was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's protected material; or, (iv) has been published to the general public. If the Receiving Party believes that the Disclosing Party has designated information that is covered by any of the preceding categories as *Confidential Material* or *Highly Confidential Material*, the Receiving Party shall challenge the propriety of such designation using the procedure outlined in Para. No. 18 above.  Any challenged designation remains in force until the propriety of such designation has been decided as outlined above.

**20.    No Waiver of Privilege:**  Disclosure (including production) of information that a Party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work-product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding.  This Order is intended to provide the full protection afforded by Federal Rule of Evidence 502(d), providing that "A Federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure also is not a waiver in any other Federal or State proceeding."  The procedure is as follows,

a. Upon discovery by a Producing Party (or upon receipt of notice from another Party) that he/she/it may have produced Privileged Information, the Producing Party shall, within ten (10) days of such discovery, request the return of such information in writing by identifying the Privileged Information and stating the basis on which the Privileged Information should be withheld from production.

b. After being notified, all other Parties must promptly return, sequester, or destroy the Privileged Information and any copies he/she/it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the Privileged Information if he/she/it disclosed the Privileged Information before being notified.

c. If any Party disputes the privilege claim ("Objecting Party"), that Objecting Party shall notify the Producing Party of the dispute and the basis therefore in writing within thirty (30) days of receipt of the request for the return of the Privileged Information.

d. The Parties thereafter shall meet and confer in good faith regarding the disputed claim within thirty (30) days.

e. In the event that the Parties do not resolve their dispute, either Party may bring a motion for a determination of whether a privilege applies. If such a motion is made, the Producing Party shall submit to the Court for in camera review under seal a copy of the disputed information in connection with its motion papers.  The submission to the Court shall not constitute a waiver of any privilege or protection. The Producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved.

f. Except as expressly set forth herein, nothing in this provision shall limit the bases on which the Objecting Party may challenge the assertion of any privilege or protection by the Producing Party. In addition, nothing in

this provision shall permit the Producing Party to seek to withhold or "claw back" a previously-produced document in this Litigation if that document was the subject of deposition testimony in this Litigation and the Producing Party did not provide notice, as described above in paragraph 6(b), within thirty (30) days after the deposition that the document was privileged or protected and should be returned.

21.  **Additional Parties or Attorneys:**  Absent further Order of the Court: In the event additional parties join or intervene in this action, the newly joined party(ies) shall not have access to *Confidential Material* or *Highly Confidential Material* until its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Order.  If any additional attorneys make appearances in this Litigation, those attorneys shall not have access to *Confidential Material* or *Highly Confidential Material* until they execute the "Agreement Concerning Information Covered by Protective Order" attached hereto as Ex. A.

22.  **Protective Order Remains In Force:**  This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice. Unless otherwise ordered, or agreed upon by the parties, this Protective Order shall survive the termination of this action. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

23.  **No Prejudice For Further Relief:**  This Protective Order is without prejudice to the right of any party to seek other or further relief from the Court.

24.  **No Waiver of Grounds For Producing Material:**  This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing

material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable laws.

25. **Conclusion of Litigation:** Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation, all persons having received *Confidential Material* or *Highly Confidential Material* – other than the Court/Court personnel -- shall either return such material and all copies thereof to counsel for the Producing Party, or destroy all such *Confidential Material* or *Highly Confidential Material* and, in either case, certify that fact to counsel for the Producing Party. Outside counsel of record for the parties shall be entitled to retain court papers, depositions, trial transcripts and attorney work product, provided that such outside counsel of record shall not disclose *Confidential Material* or *Highly Confidential Material* to any person except pursuant to a court order or agreement with the Party that produced the *Confidential Material* or *Highly Confidential Material*. All material returned to the parties or their counsel by the Court shall likewise be disposed of in accordance with this Paragraph.  Nothing in this Order binds the Court/Court personnel.

26. **No Loss of Confidential or Highly Confidential Status By Use In Litigation or Appeal:** In the event that any *Confidential* or *Highly Confidential Material* is used in any court proceeding in this Litigation or any appeal therefrom, such *Confidential* or *Highly Confidential Material* shall not lose its status as *Confidential* or *Highly Confidential* through such use unless otherwise ordered by the Court.  Counsel shall comply with all applicable local rules and shall confer on such procedures that are necessary to protect the confidentially of any documents, information and transcripts used in the course of any court proceedings, including petitioning the Court to close the court room.

27. **Documents Filed Under Seal**:  Documents filed <u>Under Seal</u>, and which the Court Orders as Filed Under Seal, for whom as long as the Under Seal Order is maintained by the Court, shall be maintained and treated as

*Highly Confidential* by the parties.  Again, nothing in this Order binds the Court/ Court personnel.   <u>See, e.g.</u>, Local Rule 79-7 (governing disclosure/non-disclosure of confidential court records).

**28.    Redaction Allowed:**  Any Producing Party may redact from the documents and things it produced matter that the Producing Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity, subject to the provision of a log specifying the basis for redaction of each such document/thing upon request. The Producing Party shall mark each thing where matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. The Producing Party shall preserve an unredacted version of each such document.

**29.    Modifications**:  Proposed Modifications to this Protective Order – except those made by the Court *sua sponte* -- must be in writing and signed by the Parties.

**30.    Violations of Protective Order:**  In the event that any person or party should violate the terms of this Protective Order, the aggrieved Disclosing Party should apply to the Court obtain relief against any such person or party violating or threatening to violate any of the terms of this Protective Order.  In the event that the aggrieved Disclosing Party seeks injunctive relief, it must petition the District Judge for such relief, which may be granted at the sole discretion of the District Judge.  The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

///

///

///

**31.   Headings:**  The headings herein are provided only for the convenience of the parties, and are not intended to define or limit the scope of the express terms of this Protective Order

Dated:  December 6, 2021

                                    /s/
                              _____
                              Honorable Jacqueline Chooljian
                              United Stated Magistrate Judge

Dated:  November 22, 2021          Respectfully stipulated to and submitted by,


/s/
_____
Thomas J. Speiss, III

THOMAS J. SPEISS III
BUCHALTER,
A PROFESSIONAL CORPORATION
Attorneys for Plaintiffs,
MICHAEL ANDREW ROBINSON,
an Individual, and GRABBA LEAF,
LLC, |a Florida limited liability company


/s/
_____
Diana Spielberger

LAW OFFICES OF DIANA
SPIELBERGER
Attorneys for Defendants BEST PRICE
DISTRIBUTORS, LLC, a California
limited liability company, doing business
as WESTERN WHOLESALE and as
QUICK TOBACCO WHOLESALE;
KHALED M. AHMED, an individual;
SANDRA S. CERVANTES, aka
SANDRA AHMED, an individual

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL ANDREW ROBINSON, an individual; GRABBA LEAF, LLC, a Florida limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>BEST PRICE DISTRIBUTORS, LLC, a California limited liability company, doing business as WESTERN WHOLESALE and as QUICK TOBACCO WHOLESALE; KHALED M. AHMED, an individual; SANDRA S. CERVANTES, aka SANDRA AHMED, an individual<br><br>Defendants. | **Case No. 21-cv-06689-RGK-JC**<br><br>**The Hon. R. Gary Klausner**<br><br><br>**AGREEMENT CONCERNING INFORMATION COVERED BY STIPULATED PROTECTIVE ORDER** |

I, _____, hereby acknowledge that I have received a copy of the Modified Stipulated Protective Order entered in this action (21-cv-689-RGK-JC) by the United States District Court for the Central District of California, Western Division (hereinafter, "the Protective Order").

I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

If I receive documents or information designated as *Confidential Material* or *Highly Confidential Material* (as those terms are defined in the Protective Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

/ / /

I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order.

I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for resolution of any matters pertaining to the Protective Order.

My address is _____

My e-mail and telephone number is _____

My present employer is _____

Dated: _____

Signed: _____