# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-06689-RGK-JC | Date | August 12, 2022 |
|---|---|---|---|
| Title | *Michael Andrew Robinson et al v. Best Price Distributors, LLC et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| Not Present | | Not Present | |

**Proceedings:** (IN CHAMBERS) Order Re: Motion for Judgment on the Pleadings as to Counterclaims [DE 82]

## I.  INTRODUCTION

On August 18, 2021, Grabba Leaf, LLC ("Grabba Leaf") and its managing member Michael Andrew Robinson (collectively, "Plaintiffs") filed a lawsuit against Khaled M. Ahmed and Sandra S. Cervantes, as well as their business Best Price Distributors, LLC d.b.a. Western Wholesale ("Western Wholesale"; collectively, "Defendants"). (*See* Compl., ECF No. 1.) Plaintiffs allege (1) trademark counterfeiting and infringement in violation of 15 U.S.C. § 1114; (2) trademark infringement in violation of 15 U.S.C. § 1125(a); and (3) unfair competition. (*Id.*) On June 1, 2022, Plaintiffs filed a first amended complaint ("FAC"), adding claims of copyright infringement. (*See* FAC, ECF No. 72.)

Defendants filed an answer wherein Western Wholesale asserts two counterclaims against Grabba Leaf: (1) false advertising in violation of 15 U.S.C. § 1125(a)(1)(B); and (2) unfair competition. (*See* Countercompl., ECF No. 30.) Presently before the Court is Plaintiffs' Motion for Judgment on the Pleadings as to Western Wholesale's counterclaims. (ECF No. 52.) For the following reasons, the Court **GRANTS** Plaintiff's motion.

## II.  FACTUAL BACKGROUND

In their FAC, Plaintiffs allege the following:

Grabba Leaf is a leading seller of natural cigar wraps and whole leaf tobacco. Their products are all-natural and do not contain any additives, chemicals, or preservatives. Grabba Leaf's products have become the "gold standard" in the make-your-own tobacco products industry. (FAC ¶ 17.) Grabba Leaf is the registered owner of the word mark "GRABBA LEAF," as well as associated style marks. Grabba Leaf also owns a registered copyright for the artwork in its logo.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06689-RGK-JC | Date | August 12, 2022 |
|---|---|---|---|
| Title | *Michael Andrew Robinson et al v. Best Price Distributors, LLC et al* | | |

In August 2020, Plaintiffs learned that a store owner had received numerous complaints from customers who purchased Grabba Leaf products. They complained that the products were of poor quality and appeared inauthentic. Grabba Leaf inspected the store's inventory and concluded that the products were counterfeits by examining their packaging, which revealed minor but obvious discrepancies. The store had bought these counterfeit products from Western Wholesale.

Plaintiffs then hired private investigators, who purchased Grabba Leaf products from Western Wholesale on multiple occasions between February and June 2021. Each time, Grabba Leaf confirmed that the products were counterfeits. Scientific testing revealed that the counterfeits contained measurable and dangerous levels of pesticides and heavy metals.

In its countercomplaint, Western Wholesale alleges the following:

Western Wholesale is a "wholesaler of tobacco and related products." (Countercompl. ¶ 1.) Grabba Leaf sells its tobacco products "directly to consumers as well as to distributors and wholesalers of tobacco products throughout the country," including Western Wholesale. (*Id.* ¶ 2.)

In November 2021, Western Wholesale sent a box of Grabba Leaf Whole Leaf and a box of Grabba Leaf Cigar Wrap (the "Grabba Products") to a laboratory for scientific testing. The testing revealed that the Grabba Products contained "dangerous levels of heavy metals (cadmium), pesticides and mycotoxins that present a significant risk to the health and well-being of consumers." (Countercompl. ¶ 6.) The tobacco is "grown in the Dominican Republic, in areas of current or past mining activity," which causes the dangerous levels of cadmium. (*Id.* ¶ 9.) After this revelation, Western Wholesale stopped selling Grabba Products. But Grabba Leaf continues to sell Grabba Products and advertise that its "leaf products are 100% Natural and do not contain any chemicals, additives, flavoring or preservatives" and that it "rigorously inspect[s] and select[s] tobacco for Grabba Leaf from the finest tobacco available." (Countercompl. ¶ 5.)

This false advertising causes consumers to "buy the contaminated [Grabba Products] from [Grabba Leaf] directly, or from its distributors or wholesalers." (Countercompl. ¶ 10.) Western Wholesale seeks damages for its loss of customers, as well as disgorgement of Grabba Leaf's profits.

### III.   **JUDICIAL STANDARD**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings under Federal Rule of Civil Procedure ("Rule") 12(c) are "functionally identical" to motions to dismiss for failure to state a claim Rule 12(b)(6). *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06689-RGK-JC | Date | August 12, 2022 |
|---|---|---|---|
| Title | *Michael Andrew Robinson et al v. Best Price Distributors, LLC et al* | | |

Under both rules, "a court must determine whether the facts alleged in the complaint, taken as true entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Brooks v. Dunlop Mf'g, Inc.*, No. 10-04341, 2011 WL 6140912, at *3 (N.D. Cal. Dec. 9, 2011)).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the party alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. A party need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The Court must "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

**IV.    DISCUSSION**

Western Wholesale brings its counterclaims under § 1125(a) of the Lanham Act. *See* 15 U.S.C. § 1125(a)(1)(B). Grabba Leaf's motion triggers a critical question: Is Western Wholesale "within the class of plaintiffs whom Congress has authorized to sue under § 1125(a)"? *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014).

There are two aspects to determining whether a plaintiff has a right to sue under the statute: (1) the plaintiff's interests must "fall within the zone of interests protected by the law invoked"; and (2) the plaintiff's harm must have a "sufficiently close connection to the conduct the statute prohibits." *Lexmark Int'l, Inc.*, 572 U.S. at 129, 133. "To invoke the Lanham Act's cause of action for false advertising, a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Id*. at 140. Western Wholesale fails to do so here.

While a plaintiff need not be a direct competitor to sue for false advertising, "a plaintiff who does not compete with the defendant will often have a harder time establishing proximate causation." *Lexmark Int'l, Inc.*, 572 U.S. at 136. Proximate causation in this context requires Western Wholesale to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06689-RGK-JC | Date | August 12, 2022 |
|---|---|---|---|
| Title | *Michael Andrew Robinson et al v. Best Price Distributors, LLC et al* | | |

allege an "economic or reputational injury flowing directly from the deception wrought by the defendant's advertising." *Lexmark Int'l, Inc.*, 572 U.S. at 133. That injury happens "when deception of consumers causes them to withhold trade from" the injured party. *Id.*

Here, Western Wholesale does not allege that it directly competes with Grabba Leaf and instead alleges that it purchased Grabba Products to then sell to consumers. According to its allegations, Western Wholesale suffered an economic injury (loss of sales) because Grabba Leaf supplied products that were not as natural and chemical-free as advertised, leading Western Wholesale to take them off its shelves. Western Wholesale's alleged harm appears to stem from the contaminated products, not Grabba Leaf's misrepresentations about them. No allegations support a reasonable inference that consumers are withholding trade from Western Wholesale *because of* Grabba Leaf's false advertisements. While Western Wholesale may very well have some cognizable claim, "a business misled by a supplier into purchasing an inferior product is, like consumers generally, not under the [Lanham] Act's aegis." *See Lexmark Int'l, Inc.*, 572 U.S. at 132. Because Western Wholesale's counterclaims each rest on the Lanham Act's protections, the Court must find that Western Wholesale fails to sate a claim.[1]

Western Wholesale requests leave to amend under Rule 15. Rule 15 provides that "[t]he court should freely give leave when justice so requires," but leave to amend is not granted automatically. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). In assessing the propriety of a motion for leave to amend, courts consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) whether the plaintiff has previously amended the complaint; and (5) futility of amendment. *Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2012). The "crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973).

The Court finds that leave to amend the counterclaims would prejudice Grabba Leaf. The discovery cut-off is August 11, 2022, and the motion cut-off is August 25, 2022. (ECF No. 41.) Allowing Western Wholesale to file amended counterclaims would significantly limit Grabba Leaf's ability to defend against them. As such, the Court denies Western Wholesale's request for leave to amend.

---

[1] In its opposition, Western Wholesale argues that it directly competes with Grabba Leaf because it recently learned that Grabba Leaf also has a wholesale license. (*See* Opp'n at 3 n1, 8, ECF No. 87.) It also argues that Grabba Leaf's false advertising has led consumers to stop purchasing other tobacco-related products from Western Wholesale because these consumers prefer to purchase those products along with the (falsely-advertised) Grabba Products that they buy from Grabba Leaf. (*See id.* at 13.) While these facts go to proximate causation, the Court cannot consider them because they are not alleged in Western Wholesale's countercomplaint. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06689-RGK-JC | Date | August 12, 2022 |
|---|---|---|---|
| Title | *Michael Andrew Robinson et al v. Best Price Distributors, LLC et al* | | |

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Grabba's Leaf's Motion for Judgment on the Pleadings as to Western Wholesale's counterclaims.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | jre/k | |