BUCHALTER
A Professional Corporation
THOMAS J. SPEISS III (SBN: 200949)
tspeiss@buchalter.com
C. DANA HOBART (SBN: 125139)
dhobart@buchalter.com
MANCY PENDERGRASS (SBN: 252705)
mpendergrass@buchalter.com
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400

Attorneys for Plaintiffs,
MICHAEL ANDREW ROBINSON
and GRABBA LEAF, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDREW ROBINSON, an individual, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>BEST PRICE DISTRIBUTORS, LLC, a California limited liability company, doing business as WESTERN WHOLESALE and as QUICK TOBACCO WHOLESALE, et al.,<br><br>Defendants. | Case No. 2:21-cv-06689-RGK-(JCx)<br><br>Action Commenced August 18, 2021<br><br>**MOTION IN LIMINE NO. 5 TO EXCLUDE ANY REFERENCE THAT MARLON ROBINSON IS COUNTERFEITING GRABBA LEAF PRODUCTS**<br><br>The Hon. R. Gary Klausner<br>Courtroom 850<br><br>Trial Date: November 8, 2022 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 8, 2022, at 8:30 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable R. Gary Klausner, located at the Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor, Plaintiffs Michael Andrew Robinson and Grabba Leaf, LLC will and hereby do move this Court to exclude evidence and argument pertaining to any suggestion that Marlon Robinson, Plaintiff Michael Robinson's brother, is producing the counterfeit

products at issue in this action.[1]

This Motion is made upon the grounds that any speculative examination suggesting that Marlon engaged in counterfeiting of GRABBA LEAF products (as well as any argument regarding same) should not be permitted and should be excluded.

In this case, Defendants (a) did not produce or proffer any evidence that Marlon has counterfeited GRABBA LEAF products; (b) did not depose Marlon; (c) did not serve plaintiffs or give notice of a records subpoena to Marlon or any company he now runs; (d) did not produce evidence of product purchased from Marlon; and (e) did not produce any reports showing that Marlon was selling counterfeited product.

Thus, any questioning or argument that Marlon was the counterfeiter in this case rests entirely on conjecture. Familial relation and prior employment (which is the only evidence the Defendants have regarding Marlon) is not a basis upon which to suggest that he is a counterfeiter, or to question whether he is. The Court may preclude such questioning as improper, and because such questioning will unfairly prejudice Plaintiffs. Fed. R. Evid. 403, 611(a)(1).

///
///
///
///
///
///
///
///

---

[1] Because both Marlon and Michael share the same last name, and to avoid confusion, Marlon (third party) and Michael (plaintiff) will be referred to by their first names. No disrespect is intended.

1  This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Thomas J. Speiss, III filed concurrently herewith, all of the pleadings and other documents on file in this case, all other matters of which the Court may take judicial notice, and any further argument or evidence that may be received by the Court at the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on September 15, 2022.

DATED: September 23, 2022

BUCHALTER
A Professional Corporation

By: _____
THOMAS J. SPEISS III
C. DANA HOBART
MANCY PENDERGRASS
Attorneys for Plaintiffs,
MICHAEL ANDREW ROBINSON and
GRABBA LEAF, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Court should enter an order precluding Defendants, their counsel, witnesses, and experts from offering evidence, argument, questioning, or mentioning in opening statement any reference to the assertion that Marlon Robinson, Plaintiff Michael Andrew Robinson's brother, is creating the counterfeit GRABBA LEAF products at issue in this action.

During Michael's deposition, Defendants' counsel questioned Michael about his relationship with Marlon. Defendants' counsel's questioning suggested that Defendants are in search of evidence that Marlon has a motive to counterfeit GRABBA LEAF products because Marlon has an undisclosed "competing" business. The only evidenced adduced was that Marlon is Michael's brother, and previously worked for Grabba Leaf, LLC. In other words, the only evidence about Marlon relates to his relational status to Michael. There is nothing to show that Marlon engaged in the counterfeiting at issue in this action.

As a result, there is no basis to allow questioning or argument suggesting wrongdoing by Marlon, or speculating that Marlon's relational status to Michael somehow exonerates Defendants of their wrongdoing. Thus, Defendants should be precluded from asking questions at trial similar to those asked in deposition, or arguing that Marlon is the counterfeiter because no evidence has been adduced (and Defendants have produced none) to suggest or infer that Marlon is counterfeiting GRABBA LEAF products. Any questions on the subject lack a good faith basis that evidence supports such a contention or argument, and instead would be calculated to invite speculation and conjecture. The Court may prohibit such questions because no facts support them.

Moreover, such questioning will undoubtedly mislead the jury to improperly consider that Defendants are not counterfeiting even though such questions lack any factual support.

Accordingly, the Court should preclude Defendants from offering evidence, argument, questioning, or mentioning in opening statement any reference to the assertion that Marlon is counterfeiting GRABBA LEAF products.

## II. FACTUAL STATEMENT

In this action, Plaintiffs allege claims for copyright and trademark infringement, all related to the alleged copying of GRABBA LEAF marks and packaging from February, 2021 on.

Marlon is Michael's brother. (Relevant excerpts of the Robinson transcript are attached to the Declaration of Thomas J. Speiss, III ("Speiss Decl.") filed concurrently herewith, ¶ 15, as **Exhibit 14** [Michael Robinson Depo. (Vol. 1), 11:16-17].) Michael was deposed in this action on August 10, 2022. (Speiss Decl., ¶ 15.) At that deposition, Michael testified that he started Grabba Leaf, LLC. (*Id.* [Michael Robinson Depo. (Vol. 1), 11:23-25].) Michael also testified that Marlon worked at Grabba Leaf, LLC, but did not own any part of the business. (*Id.* [Michael Robinson Depo. (Vol. 1), 25:25-26:6, 27:4-6].) Marlon resigned from Grabba Leaf, LLC to pursue his own venture in the tobacco industry. (*Id.* [Michael Robinson Depo. (Vol. 1), 27:19-28:2].)

At no point during Michael's deposition was evidence proffered that Marlon was counterfeiting GRABBA LEAF products.

Separately, Defendants have not produced any documentary or other evidence that Marlon ever counterfeited GRABBA LEAF products. They have provided no evidence of purchases of counterfeited GRABBA LEAF products from any company that Marlon owns, works for, or runs currently runs; Plaintiffs were not served with any subpoena for records from Marlon or from any company he runs or works for; Defendants did not take his deposition.

No evidence in this action supports a conclusion that Marlon is counterfeiting GRABBA LEAF products. Thus, questioning of witnesses or reference in opening statement concerning Marlon, particularly to suggest that he is counterfeiting

GRABBA LEAF products, should be excluded. The evidence adduced in the case does not support a good faith basis for making such a claim or proffering suggestive questioning to support such unsubstantiated claims.

This Motion is brought because it is anticipated that Defendants will continue this line of questioning at trial despite the absence of any evidentiary support. Defendants were asked to confirm that they did not intend to raise such questioning, or argument. They declined. (Speiss Decl., ¶ 2(d).)

## III.   LEGAL ARGUMENT

### A.   Speculative Cross-Examination Questions Are Improper.

The court has power to exercise "reasonable control over the mode … of examining witnesses" to "(1) make those procedures effective for determining truth." Fed. R. Evid. 611(a)(1). To this end, "purely conjectural or speculative cross-examination is neither reasonable nor appropriate." *Searcy v. Jaimet*, 332 F.3d 1081, 1088 (7th Cir.2003); *Bui v. DiPaolo*, 170 F.3d 232, 243–46 (1st Cir. 1999) ("One well-established basis for circumscribing cross-examination is a party's inability to lay a proper evidentiary foundation for the questions he wishes to pose"); *Williams v.* Clark, Case No. CV 08–08144 JVS (AN), 2009 WL 3366913 at * 13 (C.D. Cal. Oct. 16, 2009) (collecting cases). It is also improper for questions on cross-examination to incorporate inadmissible evidence. *United States v. Sine*, 493 F.3d 1021, 1024, 1031-1032 & fn. 8 (9th Cir. 2007).

Based on Defendants' examination during Michael's deposition, Plaintiffs anticipate that Defendants may question Michael at trial in a manner to suggest -- without substantiating evidence -- that Marlon counterfeited GRABBA LEAF products or that Marlon had a potential, yet unsubstantiated, motivation to counterfeit GRABBA LEAF products. Such questioning during trial of course assumes such counterfeiting and motive (by Marlon), yet there is no evidence to support same.

The fact that such questioning and argument is improper is supported by Defendants' own litigation conduct. If they believed there was a good faith basis for such questioning and focus, they would have taken Marlon's deposition, or subpoenaed records from him, or purchased alleged product of his to show that it is counterfeit. The Court may properly preclude Defendants from pursuing such a line of questioning as they are ineffective for determining truth. Fed. R. Evid. 611(a)(1).

### B. Speculative Questions Will Be Unfairly Prejudicial.

Only relevant evidence is admissible. Fed. R. Evid. 402. "Evidence is relevant if: (a) if has any tendency to make a fact more or less probable than it would be without the evidence," *i.e.*, "logical relevance"; and, "(b) the fact is of consequence in determining the action," *i.e.*, "legal relevance." Fed. R. Evid. 401.

The "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. District courts have "wide discretion" to determine admissibility under Rule 403. *Sprint/United Mgmt. Co. v. Mendelsohn* (2008) 552 U.S. 379, 384. "Once the probative value of a piece of evidence is found to be substantially outweighed by the danger of unfair prejudice, there is no other evidentiary rule that can operate to make that same evidence admissible." *United States v. Benavidez-Benavidez*, 217 F.3d 720, 725 (9th Cir. 2000).

Status—familial relationship or prior employment—is not evidence of wrongful conduct, and, standing alone, is not admissible. *See United States v. Castaneda*, 9 F.3d 761, 767-768 (finding guilt based solely on marriage to criminal "is impermissible") (overruled on other grounds); *see also United States v. Ritz*, 548 F.2d 510, 522 (5th Cir. 1977) ("guilt of a conspiracy cannot be proven solely by family relationship or other type of close association"); *United States v. Dunn*, 640

F.2d 987, 988-989 (9th Cir. 1981) (impeachment of witness using connections to brother who was arrested to show bias towards a government witness was "wholly irregular and prejudicial" because the brother's crimes "were wholly irrelevant.").

Thus, even if questions regarding Marlon's relationship with Michael, and/or Marlon's prior employment with Grabba Leaf, LLC, or his current business may have any tangential relevance (which they do not), the prejudice that would result from permitting such speculative questioning far outweighs its probative value because it would impermissibly substitute mere relational status for evidence of wrongdoing, and specifically for evidence of wrongdoing by Marlon for the period 2021 on. This will unfairly prejudice Plaintiffs and mislead the jury. In particular, the jury could be mislead to substitute Marlon's status as a sufficient basis to exonerate Defendants, all without evidence of wrongdoing by Marlon, and thus conclude Defendants are less likely to have counterfeited GRABBA LEAF products.

## IV. CONCLUSION

The Court should enter an order precluding Defendants, their counsel, witnesses, and experts from offering evidence, argument, questioning, or mentioning in opening statement any reference that Marlon is counterfeiting GRABBA LEAF products.

DATED: September 23, 2022

BUCHALTER
A Professional Corporation

By: _____
THOMAS J. SPEISS III
C. DANA HOBART
MANCY PENDERGRASS
Attorneys for Plaintiffs,
MICHAEL ANDREW ROBINSON and
GRABBA LEAF, LLC