VICTOR SHERMAN (SB 38483)
victor@victorsherman.law
DIANA SPIELBERGER (SB 109967)
diana@janddlaw.com
JAY STATMAN (SB 94470)
jay@janddlaw.com
LAW OFFICES OF VICTOR SHERMAN
11400 W. Olympic Blvd., Suite 1500
Los Angeles, CA 90064
Telephone: (310)399-3259
Fax: (310)392-9029

ROBERT KLEIN (SBN 128550)
robert@kleinlitigation.com
8383 Wilshire Blvd., Ste. 935
Beverly Hills, CA 90211
(833)997-5529

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDREW ROBINSON, an individual; GRABBA LEAF, LLC, a Florida limited liability corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>BEST PRICE DISTRIBUTORS, LLC, a California limited liability company, doing business as WESTERN WHOLESALE and as QUICK TOBACCO WHOLESALE; KHALED M. AHMED, an individual; and SANDRA S. CERVANTES, aka SANDRA AHMED, and DOES 1-10,<br><br>Defendants. | Case no. 2:21-cv-06689-RGK-(JCx)<br><br>Action commenced August 18, 2021<br><br>The Hon. R. Gary Klausner, Courtroom 850<br><br>Pre-trial Conference:<br>October 24, 2022<br>Jury Trial<br>November 8, 2022<br><br>DEFENDANTS' MOTION IN LIMINE NO. 6: TO EXCLUDE REFERENCE TO BAD FAITH ACTION AND ALLEGED CLAIM OF ARSON<br><br>Trial date:      Nov. 8, 2022<br>Time:            9:00 a.m.<br>Courtroom:   850 |

Defendants Best Price, LLC, Khaled Ahmed and Sandra Cervantes move *in limine* for an order excluding Plaintiffs Grabba Leaf, LLC, Michael Andrew Robinson, their counsel and any witness from attempting to present evidence, or referring in any manner, to irrelevant evidence regarding the case of *Broadway Capital LLC v. Penn-Star Ins. Co.*, case no. CIV SB 2121789, and any suggestion by Plaintiffs that the defendant insurance carrier denied the claim because it suspects arson.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on September 15, 2022.

## I. CHARACTER EVIDENCE IS INADMISSIBLE

Defendants expect that Plaintiffs will attempt to impeach Ahmed by offering extrinsic, hearsay evidence regarding an alleged defense of arson in a bad faith action commenced by a company associated with Ahmed. That case is *Broadway Capital LLC v. Penn-Star Ins. Co.* ("Broadway Capital"), case no. CIV SB 2121789. Plaintiffs claim that in *Broadway Capital*, the defendant carrier asserted a defense of no coverage due to arson. That assertion is unsupported hearsay and improper character evidence.

Character is a generalized description of a person's disposition, or of the disposition in respect to a general trait, such as honesty, temperance or peacefulness. *United States v. Matias*, 39 Fed. Appx. 550, 552 (9th Cir. 2002) citing McCormick on Evidence (5th ed. 1999). "'Character evidence' is evidence regarding someone's personality traits." Black's Law Dictionary 576 (7th ed. 1999).

Federal Rule of Evidence 608 states character evidence that consists of specific instances of bad conduct cannot be proven by "extrinsic evidence." Rule 608 prohibits the cross-examiner from introducing extrinsic evidence of the witness' past conduct. *United States v. Abel*, 469 U.S. 45, 55, (1984).

## II. THE PROFFERED EVIDENCE IS IRRELEVANT, AND THERE IS NO GOOD FAITH BASIS THAT THE ACTS OCCURRED

The existence of another matter in which Ahmed is involved is irrelevant. Whether a company in which Khaled is involved sued its carrier, and the defenses therein, have nothing to do with any issue in this matter.

Moreover, Defendants could not seek to introduce the evidence (assuming it was not otherwise objectionable) without a good faith basis that the alleged conduct occurred. *United States v. Mixon*, No. CR1400631001TUCJGZ, 2015 WL 13849032, at *4 (D. Ariz. Dec. 11, 2015). Plaintiffs have not produced a shred of evidence that the defendants in *Broadway Capital* rely on a defense of arson, let alone that Ahmed is somehow responsible for that arson. Indeed, the sole evidence in support of this claim arises from an allegation in the complaint that the insurance company was stalling while it conducted an arson investigation. There is no evidence of arson, let alone that Ahmed is responsible

This is yet another example of Plaintiffs' attempt to improperly bias the jury through unrelated alleged bad acts. It is not surprising that Plaintiffs do so, given that their prime claim that the goods purchased from Western Wholesale are counterfeit due to packaging differences, which has been thoroughly negated by Robinson's contradictory sworn testimony. Regardless, it remains profoundly improper to permit Plaintiffs to attempt to influence the jury through such tactics.

### CONCLUSION

For the foregoing reasons, the Motion should be granted.

Dated: September 23, 2022            Respectfully submitted,

JAY STATMAN
LAW OFFICES OF VICTOR SHERMAN

By:    /s/ JAY STATMAN
Attorneys for Defendants

# DECLARATION OF JAY STATMAN

I, JAY STATMAN, declare as follows:

1. I am an attorney licensed to practice in all courts of the State of California and in the United States District Court for the Central District of California. The following facts are personally known to me and if called upon, I could and would competently testify thereto.

2. Attached hereto is a true and correct copy of the complaint filed in *Broadway Capital LLC v. Penn-Star Ins. Co.*, case no. CIV SB 2121789. I invite the Court's attention to page 7, paragraph 34, lines 6-7, which represents the sole reference to arson. That paragraph contains an email from the defendant's adjustor which states "our investigation of this arson fire ins ongoing." There is no allegation in the Complaint that the carrier. Indeed, the Complaint alleges (page 7, paragraph 36, lines 13-14) that the carrier "continues to assert that it cannot accept or deny coverage since its investigation into the claims is allegedly still pending."

I declare the foregoing is true and correct under penalty of perjury under the laws of the United States of America. Executed on September 22, 2022 at Los Angeles, California.

                                                  /s/  JAY STATMAN