Victor Sherman (State Bar No. 38483)
Diana Spielberger (State Bar No. 109967)
Jay Statman (State Bar No. 94470)
LAW OFFICE OF VICTOR SHERMAN
Telephone: (310) 392-9029
Robert G. Klein, Esq., State Bar No. 128550
LAW OFFICE OF ROBERT G. KLEIN
8383 Wilshire Blvd., Suite 935
Beverly Hills, California 90211
Telephone: (833) 997-5529
email: robert@kleinlitigation.com

Attorneys for Defendants Best Price Distributors et. al.

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MICHAEL ANDREW ROBINSON, an individual; GRABBA LEAF, LLC, a Florida limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>BEST PRICE DISTRIBUTORS, LLC, a California limited liability company doing business as WESTERN WHOLESALE and as QUICK TOBACCO WHOLESALE; KHALED M. AHMED, an individual; SANDRA S. CERVANTES aka SANDRA AHMED, an individual, and DOES 1-10;<br><br>Defendants. | CASE NO. **21-cv-6689-RGK-(JCx)**<br><br>Hon. Richard Klausner/Courtroom 850<br><br>Action Filed: August 18, 2021<br><br>**OPPOSITION TO *EX PARTE* TO COMPEL KHALED AHMED' EXPERT DEPOSITION; REQUEST FOR SANCTIONS UNDER RULE 11**<br><br>Discovery Cutoff: August 11, 2022<br>Motion Cutoff: August 25, 2022<br>Trial Date: November 8, 2022 |

**TO PLAINTIFF AND THEIR ATTORNEY OF RECORD:**

**NOTICE IS GIVEN** that defendant Khaled Ahmed opposes plaintiffs' *ex parte* application to produce Khaled Ahmed for his expert witness deposition. This opposition is based upon the failure of plaintiffs' counsel to meet and confer in good faith in violation of L.R. 7-3 and for a violation of the Court's Civility and Professional Guidelines adopted by the United States District Court for the Central District of

1

California in July, 1995.

Dated: October 6, 2022

LAW OFFICE OF ROBERT G. KLEIN

By: /s/ Robert G. Klein
Robert G. Klein
Attorneys for Defendants Best Price Distributors et. al.

Opposition To Ex Parte To Compel Khaled Ahmed' Expert Deposition; Request For Sanctions Under Rule 11

## DECLARATION OF ROBERT G. KLEIN

I, Robert G. Klein declare:

1. I have personal knowledge of all the facts hereafter alleged and if called upon to testify could competently do so.

2. I am an attorney duly licensed to practice law before all the courts in the State of California.

3. I am co-counsel with Jay Statman and Diana Spielberger as the attorneys for the defendants in this case.

4. Attached as Exhibit 1 is the first page of the Subpoena to Testify as a Deposition for Khaled Ahmed. Mr. Ahmed was designated as an expert witness.

5. I was preparing Mr. Ahmed for his expert deposition starting around October 1st or October 2nd.

6. On October 3, 2022 Mr. Ahmed told me he tested positive for covid that day and was not feeling well. We were unable to continue our preparation because he said he needed to sleep.

7. On October 4, 2022 I sent an email to plaintiffs' counsel Thomas Speiss and Dana Hobart. A copy of that email is attached as Exhibit 2.

8. I was not available to attend Mr. Ahmed's deposition at 9:00 a.m. on October 11, 2022 because I had a court appearance at that time. I was planning on attending that court appearance by telephone because it was in Palm Springs.

9. Mr. Ahmed also mentioned he was having business pressures and he wanted to continue his deposition until October 18, 2022.

10. I was prepared to attend Mr. Ahmed's deposition on October 18, 2022. My only concern was whether I would have enough time to go over his testimony because of his health issues and the time dead lines in this case.

11. On October 4, 2022 I received a letter from Mr. Speiss requesting a meet and confer on several issues. Exhibit 3 is a copy of that letter.

12. On October 5, 2022 at 10:00 a.m. I dialed into a phone number for a

Opposition To Ex Parte To Compel Khaled Ahmed' Expert Deposition; Request For Sanctions Under Rule 11

conference call. Present on that call with me was my co-counsel Jay Statman, and Plaintiffs' counsel Dana Hobart, Thomas Speiss, and Mancy Pendergrass.

13. The call started by Jay Statman stating his position on filing a motion objecting to plaintiff's expert Christian Tregillis as being untimely.

14. Almost immediately Thomas Speiss raised his voice and was yelling at Jay Statman.

15. The telephone conference consisted only of Thomas Speiss yelling and talking over everybody else. He refused to allow anybody else say anything. At that point Jay Statman left the call.

16. Mr. Speiss would not allow me to say anything so I asked to speak to Dana Hobart. I discussed some issues with Mr. Hobart but we did not discuss the scheduling of Mr. Ahmed's deposition.

17. There was no attempt to meet and confer on the issue of Mr. Ahmed's deposition.

18. We did not discuss any other possible dates or try to work to resolve these issues.

19. I believe that if Mr. Speiss was reasonable we would have resolved this issue of a deposition date and avoided involving the court.

20. Instead of trying to come to a resolution, Mr. Speiss filed an ex parte application the following day.

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

Executed October 6, 2022 in Los Angeles, California.

*/s/ Robert G. Klein*
Robert G. Klein

4

Opposition To Ex Parte To Compel Khaled Ahmed' Expert Deposition; Request For Sanctions Under Rule 11

**EXHIBIT 1**

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California ▼

| | |
|---|---|
| Michael Andrew Robinson and Grabba Leaf, LLC ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 21-cv-06689-RGK-JCx |
| Best Price Distributors, LLC et al ) | |
| ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Khaled Ahmed

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Exhibit 1

| Place: Buchalter APC, 1000 Wilshire Blvd Ste 1500, Los Angeles, CA 90017 | Date and Time: October 11, 2022 9:00 a.m. |
|---|---|

will be recorded by this method:  certified stenographic reporter and videographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit 2.

Documents and things are to be provided on or before October 7, 2022 at 9:00 a.m. at Buchalter APC, 1000 Wilshire Blvd Ste 1500, Los Angeles, CA 90017 or via email to TSpeiss@Buchalter.com.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/27/2022

| CLERK OF COURT | OR | /s/ T. Speiss |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Michael Andrew Robinson and Grabba Leaf, LLC                                                           , who issues or requests this subpoena, are:
Thomas J. Speiss, III, Buchalter APC, 1000 Wilshire Blvd Ste 1500, Los Angeles, CA 90017 (310) 490-3373 TSpess@Buchalter.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT 2**

| | |
|---|---|
| **From:** | Robert Klein <robert@kleinlitigation.com> |
| **Sent:** | Tuesday, October 4, 2022 4:53 PM |
| **To:** | Speiss III, Thomas J.; Hobart, C. Dana |
| **Cc:** | Diana Spielberger; Jay Statman |
| **Subject:** | Mr. Ahmed's deposition |

This message has originated from an External Email. Robert Klein <robert@kleinlitigation.com>:

We have a conflict on Mr. Ahmed's deposition on October 11th. I have a court appearance on October 11th and Mr. Ahmed is not available until October 18th because of some business pressures. He also tested positive for Covid on October 3rd and needs time to recuperate.

Robert G. Klein, Esq.
**KLEIN**
*Trial Lawyers*
8383 Wilshire Blvd.
Suite 935
Beverly Hills, California 90211
(833) 997-5529
robert@kleinlitigation.com

Visit Our Website
Visit our Facebook Page and Visit Our BLOG

1

**EXHIBIT 3**

# Buchalter

1000 Wilshire Boulevard
Suite 1500
Los Angeles, CA 90017
(213) 891-0700 Phone
(213) 896-0400 Fax

File Number: [Client-Matter]
Sender's Direct Dial Number
Sender's E-mail

October 4, 2022

**Via E-Mail Only**

Jay Statman
Law Offices of Jay Statman
11400 West Olympic Blvd., Suite 1500
Los Angeles, California 90064

Re:   *Michael Andrew Robinson et al v. Best Price Distributors, LLC et al*

Jay,

We are in receipt of your letter dated September 29, 2022 regarding your proposed motion *in limine* to exclude the testimony of Plaintiffs' timely designated expert, Christian Tregillis, CPA, ABV, CFF, CLP ("Mr. Tregillis"). We are available to participate in your requested "meet and confer" meeting as follows: Thursday, October 6, 2022, 10a-5p; and, Friday, October 7, 1p-5p.

This letter has three parts. In Part I, we respond to your correspondence concerning Mr. Tregillis. We contemplate opposing your proposed motion for the reasons set forth in this section. In Part II, we request to "meet and confer" with you regarding Plaintiffs' proposed motion *in limine* to exclude witnesses and exhibits that were not previously disclosed by Defendants during discovery. In Part III, we provide the dates of availability for Plaintiffs' expert depositions and further object to the date your client has provided by the deposition of Vanessa Fitsanakis.

   I.   **Christian Tregillis**

        A.   **Plaintiffs Timely Designated Christian Tregillis as an Expert.**

District Courts addressing whether an expert's disclosure is timely and whether to exclude the designated expert have discretion to impose exclusionary sanctions "because deadlines should not be enforced mindlessly and the courts need authority to manage their cases efficiently and

buchalter.com

Los Angeles
Denver
Napa Valley
Orange County
Portland
Sacramento
Salt Lake City
San Diego
San Francisco
Scottsdale
Seattle

BN 73041539v2

# Buchalter

Jay Statman, Esq.
October 4, 2022
Page 2

effectively." *Lazos v. City of Oxnard*, Case No. CV08-02987 RGK (SHx), 2009 WL 10699666 at * 1 (C.D. Cal., July 30, 2009) (J. Klausner) (*citing Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2003) ("Sometimes there may be good reason to permit an identification of additional witnesses after the established deadline.")).

In *Lazos*, Judge Klausner recognized that his Court's Order for a Jury Trial could be interpreted to state that "reports [are] not due until the Final Pre-Trial Conference." *Id.* at * 2. Because of this reasonable reading, Judge Klausner held that three of the plaintiffs' experts were timely disclosed even though compliance with Rule 26 was not perfect. *Id.* Judge Klausner therefore has clearly permitted disclosures and designations of rebuttal expert witnesses up until the Final Pre-Trial Conference (which is scheduled here for October 24, 2022), and his current Jury Trial Order does not expressly forbid such timing for disclosure and designation. The only amendment since the *Lazos* decision was the requirement that parties must submit short narrative statements about the experts they plan to call at trial only "within five (5) days before the Final Pre-Trial Conference." *See* J. Klausner, Civil Jury Trial Order, p. 3. Here, particularly where Defendants have not deposed a single expert – or, as of the date of this letter, have only chosen to serve a deposition subpoena to Dr. J. Michael Moore for Sunday, October 9, 2022, to which, of course, Plaintiffs have objected (to which Defendants have not responded) – any argument that Defendants are prejudiced due to Plaintiffs' designation of Mr. Tregillis is meritless. In other words, Defendants cannot show they were harmed by Plaintiffs' designation, which is amplified by the fact that Defendants may notice Mr. Tregillis' deposition via subpoena as expert discovery remains open. Further, the Court can freely exercise its discretion and permit Plaintiffs' supposedly "untimely" designation and disclosure and is not bound by the rigid rules because "deadlines should not be enforced mindlessly." *Lazos*, 2009 WL 10699666 at * 1.

Moreover, Plaintiffs are confident the Court would even permit them to designate Mr. Tregillis as a non-rebuttal expert. When determining a supposedly "untimely" disclosure of an expert witness, courts examine whether (1) there was prejudice or surprise to the other party; (2) the ability to cure the prejudice; (3) the likelihood of disruption at trial; and, (4) bad faith or willfulness. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed.Appx. 705, 713 (9th Cir. 2010) (finding these factors weighed in favor of permitting a later-disclosed expert to testify at trial, and that the district court did not abuse its discretion in permitting the expert's testimony).

Any prejudice Defendants purportedly incur was also of their own making, and Defendants may cure any issue with the disclosure of Mr. Tregillis deposing him, as mentioned above. Further, given trial is still several weeks away, there is little chance of disruption at trial as Defendants can depose Mr. Tregillis and inquire as to his foundations for his expert report and opinions. Additionally, Plaintiff did not designate Mr. Tregillis out of bad faith, but in a good faith attempt

# Buchalter

Jay Statman, Esq.
October 4, 2022
Page 3

to develop the issues for trial. In all, Plaintiffs are confident the Court would recognize the *Lanard Toys* factors weigh in Plaintiffs' favor, and permit the disclosure and designation of Mr. Tregillis even as a non-rebuttal expert witness.

> **B.** **Defendants' designation of Mr. Ahmed as a rebuttal expert witness in part triggered Plaintiffs' disclosure and designation of Mr. Tregillis.**

In determining whether a party's supposedly "late" designation warrants exclusion under Rule 37, a court will consider whether the disclosure was substantially justified or harmless. *Yeti by Molly, Ltd v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (*citing* Fed. R. Civ. P. 37(c)(1)).

It bears mentioning that Defendants' own designation of Defendant Khaled Ahmed as a rebuttal expert witness in part triggered Plaintiffs' disclosure and designation of Mr. Tregillis. Defendants cannot complain of the foreseeable consequences of their actions. To this end, Plaintiffs have substantial justification to disclose and designate Mr. Tregillis in light of Defendants' own designation of Defendant Khaled Ahmed. *See*, FRCP 37(c)(1).

> **C.** **Plaintiffs are not Restricted to Designate Mr. Tregillis as a Rebuttal Expert to Defendant Khaled Ahmed.**

"The Federal Rules of Civil Procedure are silent on sur-rebuttal expert reports. Fed. R. Civ. P. 26(a)(2); *Houle v. Jubilee Fisheries, Inc.*, No. 2:04-cv-02346-JLR, 2006 U.S. Dist. LEXIS 1408, 2006 WL 27204, at *2 (W.D. Wash. Jan. 5, 2006) ("[T]he federal rules do not contemplate 'sur-rebuttal' experts."). They, of course, address affirmative expert reports and even rebuttal expert reports, but not sur-rebuttal expert reports. Fed. R. Civ. P. 26(a)(2). Many courts, however, ***do no interpret this silence as prohibition.***" *Canyon Estate Condo. Ass'n v. Atain Specialty Ins. Co.*, Case No. 2:18-cv-01761-RAJ, 2020 U.S. Dist. LEXIS 100128 at ** 4-5 (W.D. Wash. June 8, 2020) (internal citations included). In *Canyon Estate*, the court held that the failure to obtain leave of court to disclose a sur-rebuttal report was "harmless," in part, because "there has been ample time to conduct discovery on Mr. Aronson [the sur-rebuttal expert]." *Id.* at * 5.

Here, while trial is several weeks away compared to *Canyon*, there is ample time for Defendants, if they so *choose*, to subpoena and depose Mr. Tregillis, as stated above.

Further, your letter of September 29, 2022 does not identify *any* authority supporting your apparent proposition that Federal courts do not permit "sur-rebuttal" experts. As shown above, such authority exists that permits the using of sur-rebuttal experts making your contentions meritless. *See also*, *In re Fleming Cos.*, Case No. MDL-1351; Re: 98-6042-CV-SJ-6,

# Buchalter

Jay Statman, Esq.
October 4, 2022
Page 4

2000 U.S. Dist. LEXIS 23423 at * 5 (W.D. MO Nov. 30, 2000) (finding that even sur-rebuttal expert reports which were designed only to rebut a rebuttal expert "are allowed under the rule."). If such authorities exist to support your position, we welcome their identification. However, Plaintiffs are confident that the Court will permit Mr. Tregillis' designation and permit him to testify as a rebuttal expert to Defendant Khaled Ahmed.

Plaintiffs maintain their position that any motion *in limine* seeking to exclude Mr. Tregillis is meritless, and Plaintiffs remain committed to opposing such a motion.

## II. Witness and Exhibits Not Previously Disclosed During Discovery Should Be Excluded.

Plaintiffs have identified numerous individuals and documents on Defendants' witness and exhibit lists that were never previously identified or reproduced by Defendants during discovery. As to undisclosed witnesses, Plaintiffs will object to the following individual's testimony at trial on the grounds that a party that does not timely identify a witness under Rule 26 may not use that witness to supply evidence at a trial. *See* Fed. R. Civ. P. 37(c)(1); *see, also, Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861-864 (9th Cir. 2014):

- Farog Arman;
- Donald Barrett;
- Sandor Caplan;
- Luis Chavez;
- Jason Garido;
- Osama Hassan;
- Yousef Morocco;
- Wayne Salmon;
- Teresa Uribe;
- Mineli Vargas Miranda Chisthian; and,
- Francis Yanez.

Similarly, Plaintiffs also plan to move to exclude the following proposed trial exhibits, which were not previously produced or otherwise disclosed by Defendants in discovery: Ex. Nos. 226, 227, 232, 246, 247, 249-253, 260, 263, 280, 282, 303-306, 309, 310, 312. *See* Fed. R. Civ. P. 37(c)(1).

## III. Expert Witness Depositions

We previously issued subpoenas for the depositions of Khaled Ahmed (October 11, 2022, in person) and Vanessa Fitsanakis (October 18, 2022, over Zoom). You have not responded

# Buchalter

Jay Statman, Esq.
October 4, 2022
Page 5

concerning the deposition subpoena for Mr. Ahmed. Concerning Ms. Fitsanakis, October 31, 2022 simply is too late for the taking of her deposition. We will address this matter as part of our meet and confer meeting.

Concerning Plaintiffs' experts,

1. Christian Tregillis is available for his deposition on any of October 14, 18, and 19 over Zoon or in person in Los Angeles.

2. Michael Robinson is available for his deposition on October 17 over Zoom or in person in Pompano Beach, Florida.

3. Dr. J. Michael Moore is available to be deposed on any of October 19, 20 and 21 over Zoom or in person in Athens, Georgia.

4. Kevin Read is available to be deposed on any of October 20 and 21 over Zoom or in person in Chicago, Illinois.

As discussed above, we are available to participate in your requested "meet and confer" meeting as follows: Thursday, October 6, 2022, 10a-5p; and, Friday, October 7, 1p-5p. Please let me know as soon as possible what time is convenient.

Plaintiffs reserve all rights.

BUCHALTER
A Professional Corporation

Thomas J. Speiss, III
Shareholder

cc:  C. Dana Hobart (via e-mail only)
     Diana Spielberger (via-email only)
     Robert Klein (via e-mail only)

BN 73041539v2