Victor Sherman (State Bar No. 38483)
Diana Spielberger (State Bar No. 109967)
Jay Statman (State Bar No. 94470)
LAW OFFICE OF VICTOR SHERMAN
Telephone: (310) 392-9029
Robert G. Klein, Esq., State Bar No. 128550
LAW OFFICE OF ROBERT G. KLEIN
8383 Wilshire Blvd., Suite 935
Beverly Hills, California 90211
Telephone: (833) 997-5529
email: robert@kleinlitigation.com

Attorneys for Defendants Best Price Distributors et. al.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL ANDREW ROBINSON, an individual; GRABBA LEAF, LLC, a Florida limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>BEST PRICE DISTRIBUTORS, LLC, a California limited liability company doing business as WESTERN WHOLESALE and as QUICK TOBACCO WHOLESALE; KHALED M. AHMED, an individual; SANDRA S. CERVANTES aka SANDRA AHMED, an individual, and DOES1-10;<br><br>Defendants. | CASE NO. **21-cv-6689-RGK-(JCx)**<br><br>Hon. Richard Klausner/Courtroom 850<br><br>Action Filed: August 18, 2021<br><br>**OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE 2: PRECLUDE EVIDENCE OR ARGUMENT OF PRIOR DECLARATION STATEMENTS OF MICHAEL ROBINSON**<br><br>Date:            November 8, 2022<br>Time:            9:00 a.m.<br>Courtroom:    850<br><br>Discovery Cutoff: August 11, 2022<br>Motion Cutoff:    August 25, 2022<br>Trial Date:         November 8, 2022 |

Plaintiffs Grabba Leaf, LLC and Michael Andrew Robinson (collectively "Robinson") seek to exclude evidence of several prior statements Plaintiff Michael Andrew Robinson made under penalty of perjury in this case. Those prior statements were the basis for how Robinson could tell if defendant Western Wholesale sold counterfeit goods. Robinson repeatedly stated this company *never* included language

LAW OFFICE OF ROBERT G. KLEIN
8383 WILSHIRE BLVD., SUITE 510
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE (323) 653-3900

on his packages that said his product was "Packed in D. R.". According to Robinson a sure fire way to tell counterfeit goods is if the package said "Packed in D.R." In a prior case Robinson filed he stated under penalty of perjury he did in fact use the term "Packed in D.R." on his genuine products.  He is trying to exclude his prior damaging statements to avoid being properly impeached.

In this motion Robinson states: "if a witness never denies making a statement there can be no showing of inconsistency."  If Robinson offers any evidence at trial that he could tell a product is counterfeit by an examination of the package, then the statements listed below would be admissible as a prior inconsistent statement. They would prove that Robinson's testimony that he can tell a counterfeit product because it states on the package "Packed in D.R." are not credible.  If the court grants this motion the court should also preclude Robinson from offering *any* evidence on any inscription on any package as a way to spotting counterfeit products.

Robinson's motion should be denied on the grounds that:

(1) Robinson's sworn statements are admissible under Fed. Rules Evid. Rule 801.

(2) This is admissible for impeachment as a prior inconsistent statement.

(3) Admissions made by a party to the suit that are inconsistent with the position being taken by him in the suit are admissible, not only for impeachment but also as substantive evidence on a material issue to which they may be relevant. This is true as to the party to the suit making the admission even though his admission may be based wholly on hearsay.

(4) This evidence is relevant on the issue of whether the goods defendant Western Wholesale sold were counterfeit. [Fed. Rules Evid. Rule 401]

(5) Robinson made intentionally false statements to deceive the court into granting his request for a restraining order and an order to seize what Robinson claimed were counterfeit goods.  Most of his efforts were based upon this inscription

LAW OFFICE OF ROBERT G. KLEIN
8383 WILSHIRE BLVD., SUITE 510
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE (323) 653-3900

LAW OFFICE OF ROBERT G. KLEIN
8383 WILSHIRE BLVD., SUITE 510
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE (323) 653-3900

"Packed in D.R." Robinson's conduct violates Rule 11.

**A**   **Robinson Intentionally Submitted False Declarations to Gain an Advantage in this Litigation**

In a declaration Robinson filed as Document 99-2, Robinson made the following statements:

> "On every genuine Grabba Leaf "Cigar Wrap" packages it states Produced in Dominican Republic"

> "Grabba Leaf has never sold or distributed any of its genuine "Whole leaf" products or its genuine "Cigar Wrap" products in packages that include the designation "Packed in D.R." or "Packed in Dominican Republic." The only designation of location of product source that Grabba Leaf has ever instructed or authorized its sole source suppliers of foil pouches and of cardboard wholesale containers is "Produced in Dominican Republic"

> "Never once in all the years that I have operated and managed Grabba Leaf have I ever discovered any Grabba Leaf products coming to us from our Dominican Republic source with the word "Packed" in D.R. or "Packed" in Dominican Republic on the product's foil pack. Nor has anyone on my staff ever reported such an observation to me. Genuine Grabba Leaf product always and only display "Produced in the Dominican Republic." [Exhibit 1]

On March 16, 2022 Robinson filed a second lawsuit as 22-cv-1752 against these defendants titled "Plaintiffs' Emergency *Ex Parte* Application for (1) Temporary

Restraining Order and Seizure Order; (2) Order to Show Cause Re: Preliminary Injunction; (3) Order for Substitute Custodian Order; and For (4) Expedited Discovery. In 22-cv-1752 Robinson attached his declaration marked as Exhibit 1 and stated again under penalty of perjury:

> "Grabba Leaf has never sold or distributed any of its genuine products which are the genuine "Whole leaf products and its genuine Cigar Wrap products in packaging that includes the designation Packed in D.R. or Packed in Dominican Republic."

In a case Robinson filed Robinson stated in a sworn declaration:

> "Last, the single most consistent and undeniable tell-tale by which Counterfeit Grabba can be identified is that, on the rear of the foil pack of all genuine Grabba Green and Grabba Brown products are the printed words "Produced in Dominican Republic"

> "In the Western Wholesale action conclusively identified counterfeit every package instead of saying Produced in Dominican Republic said Packed in D.R.

All those statements were false. In a lawsuit Robinson filed against a company called True Value for trademark infringement which was virtually identical to this case, Robinson submitted a declaration and a document that stated:

> "BACK OF PACKAGE:

> A. The background pattern does not match. The purchased product is darker and doesn't have the pattern as that found on genuine GRABBA LEAF packaging.

> B. The text on the purchased product is a brighter shade of white than that found on genuine GRABBA LEAF packaging.

4

LAW OFFICE OF ROBERT G. KLEIN
8383 WILSHIRE BLVD., SUITE 510
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE (323) 653-3900

LAW OFFICE OF ROBERT G. KLEIN
8383 WILSHIRE BLVD, SUITE 510
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE (323) 653-3900

1  C. The words **"packed in DR" on the purchased product are larger than**

2  **that found on genuine GRABBA LEAF packaging**.

3  D. The barcode itself and the numbers on the barcode of the purchased

4  product are bigger than that found on genuine GRABBA LEAF

5  packaging." [Exhibit 2]

6  **I      LEGAL ARGUMENT**

7  **A.      This is Admissible as An Admission by a Party Opponent**

8  Defendants seek to admit these statements under Federal Rules of Evidence,

9  Rule 801. A statement, made by a party, and proffered by the opposing party, is

10  admissible whether or not the statement was against his or her interest at the time the

11  statement was made.

12  These statement are relevant in this case. Robinson based his case primarily on

13  the fact that several of the pouches their investigators purchased from Western

14  Wholesale stated on the packaging it was "Packed in D.R." According to Robinson

15  that is how he could tell the goods were counterfeit. Now, we discovered that

16  Robinson's genuine goods also included they were Packed in D.R.

17  The jury should hear that Robinson strongly asserted he could tell the tobacco

18  leaves defendant Western Wholesale sold were counterfeit based upon the inscription

19  on the packaging. Now the jury will hear that is not a valid way of telling the goods

20  in this case were counterfeit. With this evidence the jury could reasonably conclude

21  that the tobacco leaves defendants sold were not counterfeit. That is the central issue

22  in this case.

23  This evidence is relevant to prove that Robinson was mistaken that the Grabba

24  Leaf Western Wholesale sold were counterfeit. Evidence is relevant if:(a) it has any

25  tendency to make a fact more or less probable than it would be without the evidence;

26  and (b) the fact is of consequence in determining the action. [Fed Rules Evid R 401]

27  Admissions made by a party to the suit that are inconsistent with the position

28

5

1  being taken by him in the suit are admissible, not only for impeachment but also as
2  substantive evidence on a material issue to which they may be relevant. This is true as
3  to the party to the suit making the admission even though his admission may be based
4  wholly on hearsay. [M.H. v. 2015 U.S. Dist. LEXIS 445 (N.D. Cal. Jan. 2, 2015)
5  stating certain admissions admissible for impeachment]

6  **B.   These Statements are Admissible Impeachment as a Prior**
7      **Inconsistent Statement**

8      A basic rule of evidence provides that prior inconsistent statements may be used
9  to impeach the credibility of a witness." United States v. Monroe, 943 F.2d 1007, 1012
10  (9th Cir. 1991) (quoting United States v. McLaughlin, 663 F.2d 949, 952 (9th Cir.
11  1981) (quoting United States v. Hale, 422 U.S. 171, 176, 45 L. Ed. 2d 99, 95 S. Ct.
12  2133 (1975))).

13      A prior inconsistent statement is admissible to raise the suggestion that if a
14  witness makes inconsistent statements, then his entire testimony may not be credible;
15  such an inference does not depend on whether either the prior statement or the
16  subsequent in-court statement is true. United States v. Bao, 189 F.3d 860, 865-66 (9th
17  Cir. 1999).

18      If Robinson offers any evidence at trial that he could tell a counterfeit Grabba
19  Leaf product by the packaging, then these prior declarations would be admissible as
20  a prior inconsistent statement.

21      Nothing prevents Robinson from testifying at trial that he was mistaken.
22      Respectfully submitted.

23  ///
24  ///
25  ///
26  ///
27  ///
28

LAW OFFICE OF ROBERT G. KLEIN
8383 WILSHIRE BLVD., SUITE 510
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE (323) 653-3900

6

1  Dated: September 24, 2022

2                                          LAW OFFICE OF ROBERT G.
                                           KLEIN
3

4                                          By:

5                                          Robert G. Klein
                                           Attorneys for Defendants Best
6                                          Price Distributors et. al.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICE OF ROBERT G. KLEIN
8383 WILSHIRE BLVD., SUITE 510
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE (323) 653-3900

7

Opposition To Plaintiffs' Motion In Limine 2 Preclude Testimony And Evidence of Prior Declarations of Michael Robinson

# DECLARATION OF ROBERT G. KLEIN

I, Robert G. Klein declare:

1.      I have personal knowledge of all the facts hereafter alleged and if called upon to testify could competently do so.

2.      I am an attorney duly licensed to practice law before all the courts in the State of California and I am one of the attorneys representing the defendants in this action.

3.      Attached as Exhibit 1 is a true and correct copy of the Declaration of Michael Andrew Robinson filed as Document 99-2 in case 2-cv-06689 and again in case 22-cv-1752.

4.      Attached as Exhibit 2 is a true and correct copy of Document 3-1 that Michael Andrew Robinson filed in the case *Robinson v. True Value Foods* case 21-cv-22847.

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

Executed October 7, 2022 in Los Angeles, California.

Robert G. Klein

LAW OFFICE OF ROBERT G. KLEIN
555 WEST FIFTH STREET, 31ST FLOOR
LOS ANGELES, CALIFORNIA 90013-1010
TELEPHONE (213) 996-8508

**Opposition To Plaintiffs' Motion In Limine 2 Preclude Testimony And Evidence of Prior Declarations of Michael Robinson**

# EXHIBIT 1

C. DENNIS LOOMIS (SBN: 082359)
    E-Mail: CDLoomis@Buchalter.com
THOMAS J. SPEISS, III (SBN: 200949)
    E-Mail: TSpeiss@Buchalter.com
BUCHALTER, A PROFESSIONAL CORPORATION
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-2457
Tel.: (310) 490-3373
Fax: (213) 896-0400

Attorneys for Plaintiffs,
MICHAEL A. ROBINSON,
an Individual resident of Florida,
and GRABBA LEAF, LLC,
a Florida limited liability company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL ANDREW ROBINSON, an individual; GRABBA LEAF, LLC, a Florida limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> BEST PRICE DISTRIBUTORS, LLC, a California limited liability company, doing business as WESTERN WHOLESALE and as QUICK TOBACCO WHOLESALE; KHALED M. AHMED, an individual; SANDRA S. CERVANTES, aka SANDRA AHMED, an individual; and DOES 1-10; <br><br> Defendants. | Case No. 2:21-cv-06689-RGK-JC <br><br> **DECLARATION OF MICHAEL ANDREW ROBINSON IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** <br><br> Hon. Gary R. Klausner |

BN 71592869v5

1

## DECLARATION OF MICHAEL ANDREW ROBINSON

I, Michael Andrew Robinson, declare:

1.      I am a named plaintiff in this action, and the sole owner of plaintiff Grabba Leaf, LLC ("Grabba Leaf"), a Florida limited liability company having a principal place of business at 2987 Center Point Circle, Suite 3, Pompano Beach, Florida 33064 (collectively, "Plaintiffs").  I know the following information based on my own personal knowledge, and I could and would testify competently thereto if called upon to do so.

2.      I submit this Declaration in support of Plaintiffs' Motion for Summary Judgment (the "MSJ") on their First Amended Complaint against defendants Best Price Distributors, LLC, doing business as Western Wholesale and as Quick Tobacco Wholesale ("Western Wholesale"), Khaled M. Ahmed, and Sandra S. Cervantes, a/k/a Sandra Ahmed (collectively, "Defendants").

### *Genuine* GRABBA LEAF Products

3.      All genuine Grabba Leaf products contain tobacco sourced by Grabba Leaf in the Dominican Republic, and are packaged in the Dominican Republic in foil packs commissioned and printed to the order of Grabba Leaf — in strict compliance with Grabba Leaf's artwork, literal content and legal notices.  The individual foil packs are then put into cardboard containers (there are 25 "Cigar Wrap" packs per box, and 10 "Whole-leaf" packs per box).  These foil packs are intended for wholesale distribution by Grabba Leaf in the U.S.

4.      My staff and I staff routinely inspect and examine the Grabba Leaf products received by us from the Dominican Republic before shipping those genuine Grabba Leaf products to our authorized resellers in the U.S., to confirm that the product quality and the product packaging conform to and meet Grabba Leaf's established standards.

BN 71592869v5

2

1    5.    For many years, Grabba Leaf has obtained all foil pouches for its

2    "Whole-leaf" and "Cigar Wrap" products exclusively from a single source — the

3    Packaging Center, Inc., which is headquartered in Miami, Florida.  Grabba Leaf

4    purchases the cardboard containers for the packaging of its wholesale quantities of

5    its products exclusively from J & J Packaging Division, which is headquartered in

6    the Dominican Republic.

7    **My First Declaration, Signed on August 16, 2021**

8    6.    I signed an earlier Declaration in this action, which is dated

9    August 16, 2021 **[DE 12]**, in support of Plaintiffs' *Ex Parte* Application for

10   Temporary Restraining Order *et al.* (the "First Declaration").  I hereby reaffirm and

11   attest to the truth of the facts, observations and opinions set forth in my

12   First Declaration.

13   7.    In my First Declaration, I recounted my initial discovery that

14   Western Wholesale had sold counterfeit copies of Grabba Leaf branded tobacco

15   products, and in particular, counterfeit "Grabba Leaf Whole-leaf" and counterfeit

16   "Grabba Leaf Cigar Wrap" products, to Will's Jr. Market in Los Angeles,

17   California.  The owner reported to me that she had received numerous complaints

18   from customers that the Grabba Leaf they had purchased from Will's Jr. Market

19   (which it had purchased from Western Wholesale) was "fake."  At my request,

20   Will's Jr. Market sent its remaining inventory of the Grabba Leaf products that it

21   had purchased from Western Wholesale to me.  (*See* First Declaration, ¶¶ 6-9.)

22   **Will's Jr. Market – *Counterfeit* GRABBA LEAF Products**

23   **and Further Use of Private Investigators**

24   8.    I examined the products received from Will's Jr. Market, which were

25   in wholesale quantity cardboard containers of "Whole-leaf" and of "Cigar Wrap"

26   products.  The printing on the cardboard containers, and the individual foil

27   packages inside those containers, were virtually identical to and indistinguishable

28

BN 71592869v5

3

1  from the genuine packaging of authentic Grabba Leaf "Whole-leaf" and

2  "Cigar Wrap" products. But, on closer examination, I discerned a number of

3  non-obvious but clearly visible discrepancies in the packaging of the products that

4  Will's Jr. Market sent to me, as compared to the genuine Grabba Leaf packaging. I

5  also examined the tobacco contained in those packages. I observed that, compared

6  to genuine Grabba Leaf tobacco, which is fresh, supple and with a traditional

7  aromatic cigar leaf smell, the tobacco in these packages was harder, more

8  condensed, thinner in appearance and with a rancid smell. I detailed all these

9  discrepancies in my First Declaration, and attached photographs comparing the

10  genuine Grabba Leaf packaging against the products received from Will's Jr.

11  Market. (*Id.*, ¶ 9 and Exs. 5, 7-15.)

12       9.    These discrepancies in the packaging and the quality of the

13  Grabba Leaf products purchased from Western Wholesale and sent to me by

14  Will's Jr. Market left no room for doubt that those were counterfeit copies of

15  Grabba Leaf products that did not emanate from Grabba Leaf. At that point, I

16  commissioned private investigators to make surreptitious purchases of Grabba Leaf

17  products from Western Wholesale and to forward those purchases to me for

18  examination. (*Id.*, ¶ 11.)

19       10.    As attested in my First Declaration, the investigators made multiple

20  purchases of wholesale quantities of Grabba Leaf "Whole-leaf" and "Cigar Wrap"

21  products from Western Wholesale between February through June 2021 and

22  delivered all of those purchases to me. I carefully examined all of those products

23  purchased by the investigators from Western Wholesale in 2021, and confirmed

24  that each and every one was counterfeit, displaying the same set of packaging

25  discrepancies and inferior tobacco quality as I found in the Grabba Leaf products

26  sold by Western Wholesale to Will's Jr. Market in 2020. (*Id.*, ¶¶ 11, 13.)

27  / / /

28  BN 71592869v5

          4

## The Loomis Declaration [DE 52-2]

11.     I have reviewed the Declaration of C. Dennis Loomis in Support of Plaintiffs' Motion for Preliminary Injunction dated April 25, 2022 and the exhibits attached thereto [**DE 52-2**] (the "Loomis 4/25/22 Decl."). The Loomis 4/25/22 Declaration includes his testimony that he examined Grabba Leaf "Whole-leaf" and "Cigar Wrap" products purchased by Plaintiffs' private investigators in January, February and March 2022 from a retail smoke shop controlled and operated by Defendants at 5800 West Boulevard, Los Angeles, California (the "Smoke Shop").

12.     Using the criteria delineated in my First Declaration, particularly including the discrepancy between the designation of origin printed on genuine Grabba Leaf products compared to counterfeit Grabba Leaf products (*see* First Declaration, ¶9.h. and Ex. 13), Mr. Loomis determined that several of these purchases were counterfeits, as revealed by the designation on "Whole-leaf" products "PACKED IN D.R." and on "Cigar Wrap" packages "Packed in Dominican Republic." (*See* Loomis 4/25/22 Decl., ¶ 6 and Exs. 19 and 20.)

13.     I have examined the photographs of four of the Grabba Leaf products purchased by Plaintiffs' investigators at Defendants' Smoke Shop attached to the Loomis 4/25/22 Decl. as Exs. 19 and 20, based on which Mr. Loomis determined those products to be counterfeits, and I hereby confirm that his determination is correct. These "Whole-leaf" and "Cigar Wrap" products are counterfeit.

### *Genuine* GRABBA LEAF Products — *Produced* in Dominican Republic

14.     In this regard, I have discovered that there is a typographical error in my First Declaration. In particular, in paragraph 9.h. at p. 4, ll. 7-8, it states "On the genuine GRABBA LEAF Cigar Wrap pouches, it states: '*Packed* in Dominican Republic'" (emphasis added). This is a typographical error that I missed when I signed and submitted my First Declaration. In fact, on every genuine Grabba Leaf "Cigar Wrap" package, it states "*Produced* in Dominican Republic." This is also

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DECLARATION OF MICHAEL ANDREW ROBINSON IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

1  true of all genuine Grabba Leaf "Whole-leaf" products. This is clearly displayed in

2  the photographs of genuine Grabba Leaf products attached to my First Declaration

3  as Exs. 5, 8 and 13.

4        15.    Grabba Leaf has never sold or distributed any of its genuine "Whole-

5  leaf" products or its genuine "Cigar Wrap" products in packages that include the

6  designation "Packed in D.R." or "Packed in Dominican Republic." The only

7  designation of location of product source that Grabba Leaf has ever instructed or

8  authorized its sole source suppliers of foil pouches and of cardboard wholesale

9  containers is "Produced in Dominican Republic." The *only* such designation that

10 Grabba Leaf has ever included on its genuine Grabba Leaf products is "Produced in

11 Dominican Republic." Any Grabba Leaf "Whole-leaf" product or "Cigar Wrap"

12 product that displays either "Packed in D.R." or "Packed in Dominican Republic"

13 must conclusively be identified as counterfeit based on that criterion.

14       16.    Never once in all the years that I have operated and managed

15 Grabba Leaf have I ever discovered any Grabba Leaf products coming to us from

16 our Dominican Republic source with the word "Packed" in D.R. or "Packed" in

17 Dominican Republic on the product's foil pack. Nor has anyone on my staff ever

18 reported such an observation to me. Genuine Grabba Leaf product always and only

19 display "Produced in the Dominican Republic."

20       17.    I can and do hereby state without exception or qualification that none

21 of the Grabba Leaf products that are identified in my First Declaration and in the

22 Loomis 4/25/22 Declaration as "counterfeit" originated with, emanated from, or

23 were placed into the stream of commerce by Grabba Leaf. Rather, each of these

24 products definitively is an illegitimate counterfeit copy of Grabba Leaf products

25 that violates Grabba Leaf's trademark rights.

26 / / /

27 / / /

28

BN 71592869v5

6

## Counterfeit GRABBA LEAF — Injury to Grabba Leaf Good Will

18.     Further, based on my own inspection of the inferior quality tobacco contained in the counterfeit Grabba Leaf products which are the subject of this action, together with the expert toxicology analysis of samples of these counterfeit products purchased from Western Wholesale in 2021, and purchased from the Smoke Shop in 2022, showing alarmingly high chemical contamination presenting real and present health risks to consumers, the sale of these counterfeit Grabba Leaf products by Defendants has damaged Plaintiffs' hard earned, highly valuable good will.  Any continued distribution of these counterfeit products by Defendants or their associates would expose Plaintiffs' to even greater injury to its good will among consumers who rely upon the Grabba Leaf brand to assure top quality and wholesomeness in its branded tobacco products.

I declare under the penalty of perjury that the foregoing is true and correct. Executed at Pompano Beach, Florida on July __, 2022.

By: _____
        Michael Andrew Robinson

BN 71592869v5

7

18. Further, based on my own inspection of the information and quality control contained in the counterfeit Grabba Leaf products which are the subject of this action, together with the expert toxicology analysis of samples of these counterfeit products purchased from Western Wholesale in 2021, and purchased from the Smoke Shop in 2022, showing alarmingly high chemical contamination presenting real and present health risks to consumers, the sale of these counterfeit Grabba Leaf products by Defendants has damaged Plaintiffs' hard earned, highly valuable good will. Any continued distribution of these counterfeit products by Defendants or their associates would expose Plaintiffs' to even greater injury to its good will among consumers who rely upon the Grabba Leaf brand to assure top quality and wholesomeness in its branded tobacco products.

I declare under the penalty of perjury that the foregoing is true and correct. Executed at Pompano Beach, Florida on July 15, 2022.

By: 

Michael Andrew Robinson

BN 71592869v5         1

**DECLARATION OF MICHAEL ANDREW ROBINSON IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

**EXHIBIT 2**



2. I am the sole owner of GRABBA-LEAF, LLC established in the State of Florida and having a principal address of 2987 Center Point Circle Ste 3, Pompano Beach, FL 33064.

3. The GRABBA Marks at issue are owned by GRABBA, and the Defendants do not have GRABBA's authorization to use the Marks on the Defendant's Goods.

4. Through my company we cultivate, package and import cigar wraps bearing our Registered Trademarks and associated trade dress.

5. On or about October 5th, 2020 I received information from a distributor-level customer that counterfeit GRABBA LEAF cigar wraps were being manufactured and sold to end-customers and other distributors by:

> True Value Food Stores, INC.
> 21285 NW 37th Ave
> Miami Gardens, FL 33056

6. On October 21, 2020 I sent Diana Menard to True Value Food Stores to purchase two packages of GRABBA LEAF cigar wraps with a credit card.

7. The entire purchase was recorded by a hidden video camera on Ms. Menard's shirt.

8. A photograph of the purchased products and the store receipt is attached as Exhibit A.

9. I have carefully examined each of the purchased products and have compared them with our genuine GRABBA LEAF cigar wrap product and packaging.

10. Side by side photographs of the purchased product and a genuine GRABBA LEAF product package pre-September 2019 are provided at Exhibit B.

11. I found the following discrepancies on the purchased products:

FRONT OF PACKAGE:

> A. The background color and pattern on the purchased product is not the same as that found on genuine GRABBA LEAF packaging.
> B. The placement of the Logo on the purchased product is higher and brighter in color than that found on genuine GRABBA LEAF packaging.
> C. The resealing apparatus is different, and protrudes further than the resealing apparatus used on genuine GRABBA LEAF packaging.

BACK OF PACKAGE:

> A. The background pattern does not match. The purchased product is darker and doesn't have the pattern as that found on genuine GRABBA LEAF packaging.
> B. The text on the purchased product is a brighter shade of white than that found on genuine GRABBA LEAF packaging.
> C. The words "packed in DR" on the purchased product are larger than that found on genuine GRABBA LEAF packaging.
> D. The barcode itself and the numbers on the barcode of the purchased product are bigger than that found on genuine GRABBA LEAF packaging.

12. Additionally, side by side photographs of the purchased product and a genuine in-production GRABBA LEAF product package are provided at Exhibit C.