BUCHALTER
A Professional Corporation
THOMAS J. SPEISS III (SBN: 200949)
tspeiss@buchalter.com
C. DANA HOBART (SBN: 125139)
dhobart@buchalter.com
MANCY PENDERGRASS (SBN: 252705)
mpendergrass@buchalter.com
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400

Attorneys for Plaintiffs,
MICHAEL ANDREW ROBINSON
and GRABBA LEAF, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDREW ROBINSON, an individual, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> BEST PRICE DISTRIBUTORS, LLC, a California limited liability company, doing business as WESTERN WHOLESALE and as QUICK TOBACCO WHOLESALE, et al., <br><br> Defendants. | Case No. 2:21-cv-06689-RGK-(JCx) <br><br> Action Commenced August 18, 2021 <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 7 TO EXCLUDE REFERENCE TO ISSUANCE OF PRELIMINARY INJUNCTION** <br><br> The Hon. R. Gary Klausner Courtroom 850 <br><br> Trial Date: November 8, 2022 |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND FACTUAL STATEMENT

In this action, Plaintiffs allege claims for copyright and trademark infringement, all related to the alleged copying of GRABBA LEAF marks and packaging from August 2020 through March 2021.

On June 14, 2022, the Court entered a Preliminary Injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and Maria Sotelo from selling any counterfeit Grabba Leaf products, and any product bearing a counterfeit Grabba Mark, through the Smoke Shop located at 5800 West Boulevard, Los Angeles, California.  [**ECF No. 76**].

Defendants have filed Motion in Limine No. 7: To Exclude Reference to Issuance of Preliminary Injunction (the "Motion").  [**ECF No. 140**].  The [Proposed] Order that accompanies the Motion seeks to exclude,

> … Plaintiffs Michael Andrew Robinson and Grabba Leaf, LLC, their counsel, or any witness, are prohibited from attempting to present evidence, or referring in any manner, to the fact that the Court issued a preliminary injunction in this matter.

[**ECF No. 140-1**].

Plaintiffs may reference the Preliminary Injunction at trial because Defendants have not and cannot show that its reference will be substantially more prejudicial than probative as required under Federal Rules of Evidence 403.  Authorities addressing whether a reference to a preliminary injunction is prejudicial find that such references are not sufficiently prejudicial to warrant exclusion at trial. Moreover, the Preliminary Injunction is a *public record*, and excluding any reference to it undermines the public's right to inspect and copy court records. Finally, if any prejudice exists stemming from a reference to the Preliminary Injunction—though unlikely—the Court may provide an instruction that the

1  Preliminary Injunction is not binding.

2  In all, Defendants should not be permitted to hide a procedural device

3  employed by the Court in this action.  Therefore, the Motion should be denied.

4  **II.   ARGUMENT**

5  **A.   The Probative Value Of Any Reference To The Preliminary**

6  **Injunction Is Not Substantially Outweighed By Unfair Prejudice.**

7  The "court may exclude relevant evidence if its probative value is

8  substantially outweighed by a danger of one or more of the following: unfair

9  prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

10  needlessly presenting cumulative evidence." Fed. R. Evid. 403.  District courts

11  have "wide discretion" to determine admissibility under Rule 403.  *Sprint/United*

12  *Mgmt. Co. v. Mendelsohn* (2008) 552 U.S. 379, 384.

13  In *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, Wounded Warriors

14  Family Support, Inc., like Defendants, filed a motion *in limine* seeking to exclude

15  any mention of a preliminary injunction that shut down a website.  *WWP, Inc. v.*

16  *Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1040-1041 (8th Cir. 2011).

17  Because the references at trial were "isolated," and because the district court issued a

18  jury instruction regarding the preliminary injunction, the court held any prejudice

19  arising from the reference to the preliminary injunction was speculative.  *Id.* at 1041.

20  The same result was reached in *U.S. v. Sussman* in which the court held the

21  district court did not abuse its discretion by allowing a temporary restraining order

22  and preliminary injunction from a civil case to be introduced to the jury.

23  *U.S. v. Sussman*, 709 F.3d 155, 173-175 (3rd Cir. 2013).  Applying Rule 403, the

24  Third Circuit held that the temporary restraining order and preliminary injunction

25  were probative of Sussman's intent because the temporary restraining order and

26  preliminary injunction showed Sussman's control over government property and

27  showed the benefit he would receive by gaining possession of such property which

28  was relevant to the Government's prosecution of theft of government property.  *Id.*

1    Therefore, under Rule 403's balancing, unfair prejudice did not substantially

2    outweigh the probative value of the temporary restraining order and the preliminary

3    injunction.

4         The Motion makes no showing of unfair prejudice because it fails to state how

5    the jury will be influenced if mere *references* to the Preliminary Injunction are made.

6    Instead, any reference to the Preliminary Injunction will enhance the jury's

7    understanding of this action.  Further, the Preliminary Injunction Minute Order does

8    not expressly state that the preliminary injunction may not be referenced at trial,

9    unlike other preliminary injunctions orders which expressly prohibit reference to a

10   preliminary injunction at trial.  See *S.A. Mission Corp. v. BP W. Coast Prods. LLC*,

11   No. C 18-03456 WHA, 2019 U.S. Dist. LEXIS 1890, at * 21 (N.D. Cal. 2019).  As

12   such, Defendants have not met their burden under Rule 403 to warrant exclusion.

13        Additionally, the Preliminary Injunction is a matter of *public record* such that

14   excluding reference to it essentially undermines the public's right to inspect and

15   copy public records like court documents.  *Kamakana v. City & County of*

16   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  For this reason, the Court should

17   deny the Motion.

18        Moreover, any reference to the Preliminary Injunction can be adequately

19   addressed when such testimony is given at trial.  *Anderson v. Central Point School*

20   *Dist.*, 554 F.Supp. 600, 610-611 (D. Or. 1982) (ruling that excluding reference to a

21   preliminary injunction at trial via a motion *in limine* was unnecessary).

22   Defendants' request to exclude a broad category of evidence—any reference to the

23   Preliminary Injunction—renders the Motion improper because "[m]otions in limine

24   that seek exclusion of broad and unspecific categories of evidence, however, are

25   generally disfavored. . . a better practice is to deal with questions of admissibility of

26   evidence as they arise [in actual trial]." *Jackson v. Cnty. Of San Bernardino*,

27   194 F.Supp.3d 1004, 1007 (C.D. Cal. 2016) (citing *Sperberg v. The Goodyear Tire*

28   *and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)).

1    As such, the Motion should be denied, and Plaintiffs should be permitted to

2 reference the Preliminary Injunction at trial.

3 **III.**    **CONCLUSION**

4    Plaintiffs respectfully request the Court deny the Motion because Plaintiffs

5 are entitled to reference the Preliminary Injunction, and such reference has not and

6 cannot be shown to be unfairly prejudicial and is a public record.  If reference to the

7 Preliminary Injunction has any potential to be prejudicial, the Court may instruct

8 the jury that it is not binding, thus removing any potential prejudicial effect.

9 Therefore, the Motion should be denied, and Plaintiffs should be permitted to

10 reference the Preliminary Injunction at trial.

11

12 DATED:  October 14, 2022           BUCHALTER
                                     A Professional Corporation
13

14                                   By: _____

15                                       THOMAS J. SPEISS III
                                         C. DANA HOBART
16                                       MANCY PENDERGRASS
                                         Attorneys for Plaintiffs,
17                                   MICHAEL ANDREW ROBINSON and
                                         GRABBA LEAF, LLC
18

19

20

21

22

23

24

25

26

27

28