VICTOR SHERMAN (SB 38483)
victor@victorsherman.law
DIANA SPIELBERGER (SB 109967)
diana@janddlaw.com
JAY STATMAN (SB 94470)
jay@janddlaw.com
LAW OFFICES OF VICTOR SHERMAN
11400 W. Olympic Blvd., Suite 1500
Los Angeles, CA 90064
Telephone: (310)399-3259
Fax: (310)392-9029

ROBERT KLEIN (SBN 128550)
robert@kleinlitigation.com
8383 Wilshire Blvd., Ste. 935
Beverly Hills, CA 90211
(833)997-5529

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDREW ROBINSON, an individual; GRABBA LEAF, LLC, a Florida limited liability corporation,<br><br>  Plaintiffs,<br><br>vs.<br><br>BEST PRICE DISTRIBUTORS, LLC, a California limited liability company, doing business as WESTERN WHOLESALE and as QUICK TOBACCO WHOLESALE; KHALED M. AHMED, an individual; and SANDRA S. CERVANTES, aka SANDRA AHMED, and DOES 1-10,<br><br>  Defendants. | Case no. 2:21-cv-06689-RGK-(JCx)<br><br>Action commenced August 18, 2021<br><br>The Hon. R. Gary Klausner, Courtroom 850<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 1: TO EXCLUDE REFERENCE TO AHMED'S FELONY CONVICTION<br><br>Trial date: November 8, 2022 |

## I. INTRODUCTION

Federal Rule of Evidence 609(b) generally precludes the introduction of a felony conviction if it is older than ten years. Application of Rule 609(b) is the default rule absent some compelling reason to permit its introduction. *United States v. Bay*, 762 F.2d 1314, 1317 (9th Cir.1984); *United States v. Bensimon*, 172 F.3d 1121, 1126–1127 (9th Cir.1999). Neither is a felony conviction admissible on a claim that it is relevant to the "alleged 'centrality of credibility'" of a party. *Bensimon*, 172 F.3d at 1126.

Plaintiffs MICHAEL ANDREW ROBINSON and BEST PRICE DISTRIBUTORS, LLC argue in their Opposition to this Motion in Limine that they should be permitted to parade the fifteen year-old conviction of Defendant KHALED AHMED. The Opposition failed to demonstrate any legitimate reason why the Court should deviate from Rule 609(b), and this Motion should be granted.

## II. PLAINTIFFS' AUTHORITIES COMPEL THAT THE MOTION BE GRANTED

The "default" position regarding convictions that are older than ten years is that they are *not* admissible. Plaintiffs seek to rebut the presumption in reliance on *United States v. Browne*, 829 F.2d 760,764, in which court permitted the government to introduce a prior conviction. *Browne* is not persuasive in this case. Unlike *Browne,* this is not a criminal case. Neither is there any impeachment value in Ahmed's guilty plea regarding whether Ahmed infringed Plaintiffs' trademarks or copyrights. Further, Ahmed's testimony in its entirety is not central to Plaintiffs' case. Whether an infringement occurred will not be established by what Ahmed states and Plaintiffs have based their case on their investigator's statements; the now-recanted testimony of Christopher Spaeth and the untimely proposed testimony of J. Michael Moore and Kenneth Read; and Robinson's now-impeached testimony.

Plaintiffs claim that Ahmed's conviction is admissible since Ahmed is a non-retained expert witness. Ahmed's testimony as a non-retained expert witness

strictly relates to rebuttal statements of Plaintiffs's expert witnesses, based on scientific facts. His credibility is no more or less at issue than if called upon as a percipient witness.

On the other hand, Plaintiffs ignored the cases discussed in the Motion. To reiterate:

> In *American Home Assurance Co. v. American President Lines, Ltd.*, 44 F.3d 774 (9th Cir.1994), we stated:
> [The appellant] argues that, in determining the probative value of his conviction, we should consider how critical [the witness's] credibility was to their case. This argument misconstrues the yardstick by which probative value is measured. Probative value is determined by how likely the evidence is to prove some fact, not how important proof of that fact is to the proponent's case. Accordingly, the probative value of [the witness's] conviction is measured by how well it demonstrates his lack of trustworthiness, not how badly [the opposing party] wants to impeach him

*Bensimon*, 172 F.3d 1121 at 1126 (9th Cir. 1999).

Among other facts which need reiteration and/or confirmation to support the relief sought in the Motion, and as set forth in the accompanying Declaration of Ahmed:

• Plaintiffs' speculation as to why Ahmed plead guilty at trial (Opposition, page 3, lines 18-21) is unsupported by any evidence and in any event, is irrelevant;

• Ahmed was truthful regarding when the events that give rise to the conviction (which in any event, is irrelevant to this issue).(Declaration of Khaled Ahmed in Support of Reply to Motion in Limine No., 1 ("Ahmed Decl.")), ¶2;

• The events that gave rise to the conviction in fact occurred in 1996 (Khaled Decl., ¶3);

- Plaintiffs' assertion that Ahmed is lying about not owning any clinics since the conviction is irrelevant and untrue. Neither has Ahmed been involved in any criminal matter since the conviction, is not a doctor or physician assistant and has not held or applied for a Medicare of Medi-Cal provider number (Ahmed Decl., ¶4);

- Ahmed sought to have his conviction set aside due to newly discovered evidence (Ahmed Decl., ¶5);

- There was only one conviction and that occurred in 2006; a "shell" case remained open in the Eastern District until 2011 when upon discovery of the foregoing, it was closed (Ahmed Decl., ¶6); and

- Ahmed satisfied all terms and conditions of his 2008 release (Ahmed Decl., ¶7).

Barring good cause, ten-year old convictions are inadmissible for any purpose. The events that gave rise to the 2006 conviction occurred well before that date as did the conviction. Plaintiffs failed to demonstrate any reason to deviate from Rule 609(b) and the Motion should be granted.

### III. CONCLUSION

For the foregoing reasons, the Motion should be granted

Dated: August 18, 2022        Respectfully submitted,

                                                JAY STATMAN
                                                LAW OFFICES OF VICTOR SHERMAN

                                                By:   /s/ JAY STATMAN
                                                Attorneys for Defendants