1  VICTOR SHERMAN (SB 38483)
   victor@victorsherman.law
2  DIANA SPIELBERGER (SB 109967)
   diana@janddlaw.com
3  JAY STATMAN (SB 94470)
   jay@janddlaw.com
4  LAW OFFICES OF VICTOR SHERMAN
   11400 W. Olympic Blvd., Suite 1500
5  Los Angeles, CA 90064
   Telephone: (310)399-3259
6  Fax: (310)392-9029

7  ROBERT KLEIN (SBN 128550)
   robert@kleinlitigation.com
8  8383 Wilshire Blvd., Ste. 935
   Beverly Hills, CA 90211
9  (833)997-5529

10  Attorneys for Defendants

11

12              UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15  MICHAEL ANDREW ROBINSON, an individual; GRABBA LEAF, LLC, a Florida limited liability corporation, | Case no. 2:21-cv-06689-RGK-(JCx) |
| 16 | Action commenced August 18, 2021 |
| 17                        Plaintiffs, | The Hon. R. Gary Klausner, Courtroom 850 |
| 18              vs. | |
| 19  BEST PRICE DISTRIBUTORS, LLC, a California limited liability company, doing business as WESTERN WHOLESALE and as QUICK TOBACCO WHOLESALE; KHALED M. AHMED, an individual; and SANDRA S. CERVANTES, aka SANDRA AHMED, and DOES 1-10, | DECLARATION OF KHALED AHMED IN SUPPORT OF REPLY IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE NO. 1: TO EXCLUDE REFERENCE TO AHMED CONVICTION |
| 20 | |
| 21 | |
| 22 | Trial date:   November 8, 2022 |
| 23                        Defendants. | |
| 24  AND RELATED COUNTERCLAIM | |
| 25 | |

26

27

28

I, KHALED AHMED, declare as follows:

1. I am one of the Defendants in this action. The following facts are personally known to me, and if called upon, I could and would competently testify thereto.

2. In their opposition to Defendants' Motion in Limine No 1, Plaintiffs claim that the matter in which I plead guilty was later ordered related to Case No.: 03-CR-432 MCE (E.D. Cal.). This is incorrect. The dismissed Case No. 02-Cr 0097 was later ordered related to Case 03 CR-432 MCE. The case I plead guilty is Case No. 04 CR 1214 which was not any of those two cases. Plaintiffs also claim that I falsely insinuated in my declaration filed in support of that Motion that the other two cases filed against me in 2002 and 2003 were summarily dismissed when, in fact they were deemed related, and not dismissed until 2011. That, too, is incorrect. The government dismissed Case 2:02-cr-00097. However, before my bond was released, the government stated that it was going to be filing a new indictment which would have required a new bond. It was not the government who originally requested that the two cases be related to the new Case No. 03-CR-432 MCE. The only reason the two cases were kept as related cases was to keep the same condition of pretrial release bond in place.

3. Plaintiffs state, in Page 4, line 3 of the Opposition that I claim that the fraud occurred mostly in 1996, yet the government's trial brief provides a four-year time frame. That statement is misleading: although the indictment provided for a four-year time frame, almost all the discovery received from the government was for allegedly fraudulent claims submitted to the Medi-Cal Program in 1996.

4. I was never indicted, convicted or plead guilty to any crime before the one in which I plead, and I have not been indicted, convicted or plead guilty to any crime since. I am not a California licensed medical doctor or physician assistant. As such I could not have applied for, or received a Medi-Cal or Medi-care provider number. I

DECLARATION OF KHALED AHMED IN SUPPORT OF REPLY TO MOTION IN LIMINE NO. 1

did not, therefore receive any money from Medi-Cal or the Medi-Care. Moreover, I have never owned a medical clinic in California at any time.

5. In fact, I sought to have the guilty plea set aside. I plead to end the case and move on with my life. However, after I plead guilty to one count of Health Care Fraud/Conspiracy, I discovered new evidence which was unknown to me before I signed the Plea Agreement. I learned through third party sources that the government had not disclosed vital "Brady" and "Jincks" material evidencing that I did not commit any healthcare fraud. I also learned that there was exculpatory material existed that was in possession of the Medi-Cal Family PACT Program which reflects that all the investigations against the physicians who owned the medical clinics at issue and whom the government stated that I consipred with in order to commit healthcare fraud had ended, and the Medi-Cal Program found no wrong doings and released all their funds withheld. In addition, the government had not disclosed Brady material which consisted of the transcripts of all interviews with the employees of the clinic, the pharmacy and the medical laboratory who testified that no fraud has ever been committed. Had I know these facts, I would have not agreed to plead guilty to healthcare fraud/conspiracy charge.

6. The criminal case against me originated in the Eastern District of California. It was transferred to the Central District. The plea at issue was made in the Central District, which occurred in 2006. However, the "shell" case in the Eastern District was not disposed of until February 2011, when I discovered the foregoing.

7. I satisfied all the terms and conditions of my release on January 8, 2008. The court did so in 2011.

DECLARATION OF KHALED AHMED IN SUPPORT OF REPLY TO MOTION IN LIMINE NO. 1

1    I declare the forewing is true and correct under penalty of perjury under the

2    laws of the United States of America. Executed on October 28, 2022 at Los Angeles,

3    California.

4

5                                            KHALED AHMED

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4