FILED
CLERK, U.S. DISTRICT COURT

11/10/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ JRE _____ DEPUTY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MICHAEL ANDREW ROBINSON, an individual, et al.,

Plaintiffs,

vs.

BEST PRICE DISTRIBUTORS, LLC, a California limited liability company, doing business as WESTERN WHOLESALE and as QUICK TOBACCO WHOLESALE; KHALED M. AHMED, an individual; SANDRA S. CERVANTES aka SANDRA AHMED, an individual;

Defendants.

Case No. 2:21-cv-06689-RGK-(JCx)

**JURY INSTRUCTIONS**
**(GIVEN AT TRIAL)**
The Hon. R. Gary Klausner
Courtroom 850

### Court's Instruction No. _1_

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Court's Instruction No. 2**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Court's Instruction No. 3**

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Court's Instruction No. 11**

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits that are admitted into evidence; and

3.     any facts to which the lawyers have agreed.

**Court's Instruction No. 5**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)  Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)  Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## Court's Instruction No. 6

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Court's Instruction No. 7

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# Court's Instruction No. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## Court's Instruction No. 9

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

**Court's Instruction No. 10**

You have heard testimony from witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Court's Instruction No. 11

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Court's Instruction No. 12**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**Court's Instruction No. 13**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Court's Instruction No. 14

A trademark is any word, name, symbol, device, or any combination thereof, used by a person to identify and distinguish that person's goods from those of others and to indicate the source of the goods, even if that source is generally unknown.

A person who uses the trademark of another may be liable for damages.

1

**Court's Instruction No. 15**

2

3      On the the plaintiffs' claim for trademark infringement, the plaintiffs have
       the burden of proving each of the following elements by a preponderance of
4      the evidence:

5

6
          1.      The plaintiffs own a valid, protectable trademark; and
7

8         2.      The defendants used the plaintiffs' trademark without the consent of
                  the plaintiff in a manner that is likely to cause confusion among
9                 ordinary consumers as to the source, sponsorship, affiliation, or
10                approval of the goods.

11

12     If you find that each of the elements on which the plaintiffs have the burden of
       proof has been proved, your verdict should be for the plaintiffs. If, on the other hand,
13     the plaintiffs have failed to prove any of these elements, your verdict should be for
14     the defendants.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Court's Instruction No. 16**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs on the plaintiffs' claims that defendants violated Trademark and Copyright laws by engaging in trademark counterfeiting and infringement, trademark infringement and unfair competition, and/or copyright infringement, you must determine the plaintiffs' damages. The plaintiffs have the burden of proving damages by a preponderance of the evidence.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Court's Instruction No. 17

If you find for the plaintiffs on the plaintiffs' trademark infringement claim, you must determine the plaintiffs' damages  The plaintiffs seek a statutory damage award, established by Congress for the work infringed.  Its purpose is not only to compensate the plaintiffs for their losses, which may be hard to prove, but also to penalize the infringer and deter future violations of Trademark laws

The amount you may award as statutory damages is not less than $1,000, and no more than $200,000 for each work you conclude was infringed.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Court's Instruction No. 18**

Copyright is the exclusive right to copy.  This right to copy includes the exclusive rights to:

1.  reproduce the copyrighted work in copies;

2.  prepare derivative works based upon the copyrighted work;

3.  distribute copies of the copyrighted work to the public by sale;

It is the owner of a copyright who may exercise these exclusive rights.  The term "owner" includes the author of the work.  In general, copyright law protects against reproduction of identical or substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Court's Instruction No. 19

The plaintiffs are the owners of a valid copyright in the Grabba Leaf 2-D artwork if the plaintiff proves by a preponderance of the evidence that:

1.    the plaintiffs' work is original; and

2     the plaintiffs are the author or creator of the work.

**Court's Instruction No. 2**

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiffs' copyright infringement claim, the plaintiffs have the burden of proving by a preponderance of the evidence that:

1.    the plaintiffs are the owners of a valid copyright; and

2.    the defendants copied original expression from the copyrighted work.

If you find that the plaintiffs have proved both of these elements, your verdict should be for the plaintiffs. If, on the other hand, you find that the plaintiffs failed to prove either of these elements, your verdict should be for the defendants.

**Court's Instruction No. 21**

A copyright owner may obtain a certificate of registration from the Copyright Office.

The evidence in this case includes a certificate of copyright registration from the Copyright Office. You are instructed that the certificate is sufficient to establish that there is a valid copyright.

## Court's Instruction No. 22

A defendant may be liable for copyright infringement engaged in by another if they knew or had reason to know of the infringing activity and intentionally induced or materially contributed to that infringing activity.

If you find that someone besides the defendants directly infringed the plaintiff's copyright, you must determine whether the defendants contributorily infringed that copyright. The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. the defendant knew or had reason to know of the direct infringer's infringing activity and

2. the defendants intentionally induced or materially contributed to the direct infringer's infringing activity.

The defendant's intent to induce the infringing activity must be shown by clear expression of that intent or other affirmative steps taken by the defendant to encourage.

If you find that the direct infringer infringed the plaintiff's copyright and you also find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either or both of these elements, your verdict should be for the defendant.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Court's Instruction No. 23

If you find for the plaintiffs on the plaintiffs' copyright infringement claim, you must determine the plaintiffs' damages. The plaintiffs seek a statutory damage award, established by Congress for the work infringed. Its purpose is not only to compensate the plaintiffs for their losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Court's Instruction No. 24

An infringement is considered innocent when each defendant has proved both of the following elements by a preponderance of the evidence:

1.    the defendant was not aware that its acts constituted infringement of the copyright; and

2.    the defendant had no reason to believe that its acts constituted an infringement of the copyright.

**Court's Instruction No. 25**

The plaintiffs have a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendants have the burden of proving by a preponderance of the evidence:

1.    that the plaintiffs failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

**Court's Instruction No. 26**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1

**Court's Instruction No. 27**

2

3        Because you must base your verdict only on the evidence received in the case
and on these instructions, I remind you that you must not be exposed to any other
4    information about the case or to the issues it involves.  Except for discussing the
case with your fellow jurors during your deliberations:

5

6

7        Do not communicate with anyone in any way and do not let anyone else
communicate with you in any way about the merits of the case or
8    anything to do with it.  This includes discussing the case in person, in
writing, by phone, tablet, computer, or any other means, via email, via
9    text messaging, or any other forms of social media.  This applies to
communicating with your family members, your employer, and the
10   people involved in the trial.  If you are asked or approached in any way
about your jury service or anything about this case, you must respond
11   that you have been ordered not to discuss the matter and to report the
contact to the court.
12

13

14       Do not do any research, such as consulting dictionaries, searching the
Internet, or using other reference materials; and do not make any
15   investigation or in any other way try to learn about the case on your
own.  Do not visit or view any place discussed in this case, and
16   do not use Internet programs or other devices to search for or view
any place discussed during the trial.  Also, do not do any research
17   about this case, the law, or the people involved—including the
parties, the witnesses, or the lawyers—until you have been excused
18   as jurors. If you happen to read or hear anything touching on this case
in the media, turn away and report it to me as soon as possible.
19

20

21       These rules protect each party's right to have this case decided only on
22   evidence that has been presented here in court.  Witnesses here in court take an oath
to tell the truth, and the accuracy of their testimony is tested through the trial process.
23   If you do any research or investigation outside the courtroom, or gain any information
through improper communications, then your verdict may be influenced by
24   inaccurate, incomplete, or misleading information that has not been tested by the trial

25

26

27

28

process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**Court's Instruction No. 28**

     If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Court's Instruction No. 29**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.