VICTOR SHERMAN (SB 38483)
victor@victorsherman.law
DIANA SPIELBERGER (SB 109967)
diana@janddlaw.com
JAY STATMAN (SB 94470)
jay@janddlaw.com
LAW OFFICES OF VICTOR SHERMAN
11400 W. Olympic Blvd., Suite 1500
Los Angeles, CA 90064
Telephone: (310)399-3259
Fax: (310) 392-9029

ROBERT KLEIN (SBN 128550)
robert@kleinlitigation.com
8383 Wilshire Blvd., Ste. 935
Beverly Hills, CA 90211
(833) 997-5529

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDREW ROBINSON, an individual; GRABBA LEAF, LLC, a Florida limited liability corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>BEST PRICE DISTRIBUTORS, LLC, a California limited liability company, doing business as WESTERN WHOLESALE and as QUICK TOBACCO WHOLESALE; KHALED M. AHMED, an individual; and SANDRA S. CERVANTES, aka SANDRA AHMED, and DOES 1-10,<br><br>Defendants. | Case no. 2:21-cv-06689-RGK-(JCx)<br><br>Action commenced August 18, 2021<br><br>The Hon. R. Gary Klausner<br>Courtroom 850<br><br>MOTION TO CLARIFY JUDGMENT TO BE ENTERED ON JURY VERDICT<br><br>Date: December 27, 2022<br>Time: 9:00 a.m.<br>Courtroom: 850 |

### I. INTRODUCTION

This Motion is brought in order to clarify the judgment to be entered on the jury verdict (the "Verdict," Dkt. 232) rendered against Defendants Best Price Distributors, LLC, Khaled Ahmed and Sandra Cervantes on November 10, 2022.

1

Defendants contend judgment should be entered for $315,000 against all Defendants, jointly and severally. Plaintiffs Michael Andrew Robinson and Grabba Leaf, LLC (collectively "Plaintiffs") contend that judgment should be entered for $945,000; $315,00 against each of the three Defendants. Plaintiffs' contention is legally incorrect and would result in an impermissibly excessive judgment.

This Motion is brought to ensure that judgment is entered on the Verdict in conformance therewith, and in conformance with the law. By making this Motion, Defendants are not waiving their right to contest the Verdict and any judgment entered thereon, and to make post-judgment motions pursuant to statute, including but not limited to, motions pursuant to Fed. Rules of Civ. Proc. 50(b), 52(b), 59(a) and 60.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 held on November17, 2022

**II. THE VERDICT IS AMBIGUOUS**

The special verdict form asked jurors to find an amount due in statutory damages for each of three trademark infringements, and *also* invited the jurors to find an amount due from each Defendant for each of the three infringements. The jury assessed statutory damages for each trademark infringement in the amount of $100,000 , and found that each Defendant was liable for each trademark infringement in the amount of $100,000. The form also asked jurors to find an amount due in statutory damages for the one copyright infringement, and *also* invited the jurors to find an amount due from each Defendant for the infringement. The jury assessed statutory damages for the one copyright infringement in the amount of $15,000, and also found that each Defendant was liable for copyright infringement in the amount of $15,000. The form, however, did not request the jury to total up the damages to be awarded, as a result of which this Motion is made to clarify the judgment to be entered on the Verdict.

## III. BOTH THE COPYRIGHT AND TRADEMARK STATUTES PROVIDE THAT THERE CAN BE BUT ONE AWARD OF STATUTORY DAMAGES FOR EACH TRADEMARK OR COPYRIGHT INFRINGED

Neither the copyright nor the trademark statutes permit a successful plaintiff to "stack" damages against multiple defendants who are found liable for statutory damages. There can be but one amount of statutory damages assessed for each trademark or copyright infringed, based on the number of works infringed, not the number of defendants liable for the infringement.

11 U.S.C. 1117(c)(1) provides for statutory damages "not less than $1,000 or more than $200,000 *per counterfeit mark* per type of goods or services sold." (Emphasis added.) 17 U.S.C. § 504(c) provides for statutory damages:

> for all infringements involved in the action, *with respect to any one work*, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally." [Emphasis added.]

In *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F. 3d 936 (9th Cir. 1980) ("*Louis Vuitton*"), plaintiff distributor brought an action for contributory copyright and trademark infringement against web hosting businesses and their manager in connection with allegedly infringing websites hosted by defendants' servers. The jury returned a verdict in favor of plaintiff, and awarded $10,500,000 in statutory damages for willful contributory trademark infringement against each defendant and $300,000 in statutory damages for willful copyright infringement against each defendant. The verdict form invited the jury to specify a separate statutory damage award against *each* defendant, and then to calculate the total amount of the award for copyright damages.

The Court of Appeal held that:

> In the absence of further guidance explaining the statutory requirement, this was error. There was no legal basis for multiplying the award by the number of defendants. Cf. 18 C.J.S. Copyright §127 (2011) ("Only a single award of statutory damages within the statutory limits may be made for all infringements involved in the action with respect to any one work, except where multiple defendants are not jointly liable.") (footnotes omitted). As Appellants point out, the district court's total award for copyright infringement is $600,000 for two copyrighted works, an amount that is double the statutory maximum of $150,000 per work. Statutory damages reach a maximum based on the number of protected works, not the number of defendants."

*Louis Vuitton,* 658 F. 3d at 947. The court also held that:

> With respect to damages for contributory trademark infringement, logic compels the same result. Like 17 U.S.C. §504(c), 15 U.S.C. § 1117(c) entitles a plaintiff to *an* award, not multiple awards. A learned treatise counsels that "[t]he body of case law developed to interpret the similar statutory damages provision in copyright law should prove helpful in applying the counterfeit statutory damages option." J. Thomas McCarthy, McCarthy on Trademarks & Unfair Competition, § 30:95 (4th ed. 1996) (footnotes omitted). Louis Vuitton cites no authority to the contrary. When combined, the awards of $10,500,000 per defendant exceed the statutory maximum.

> Because it is clear from the jury verdict form that the jury found each defendant liable for $10,500,000 in calculated statutory damages for contributory trademark infringement and $300,000 in calculated statutory damages for contributory copyright infringement, a new trial on the issue of damages is unnecessary. Instead, the damages as established by the jury may be implemented by making Akanoc and Chen jointly and severally liable for single awards in those amounts.

Id. See also *AF Holdings, L.L.C. v. Harris*, No. CV-12-02144-PHX-GMS, 2013 WL 12309802, at *2 (D. Ariz. Aug. 20, 2013).

Here, the jury found that Plaintiffs' three trademarks and one copyright, for which they assessed $315,000 in statutory damages, were infringed by all three Defendants. In accordance with the Verdict, and with the law, judgment should be entered against Defendants, jointly and severally, in the amount of $315,000.

### IV.  WHERE MULTIPLE DEFENDANTS ARE LIABLE FOR THE SAME HARM, THEIR LIABILITY IS JOINT AND SEVERAL

As in *Luis Vuitton*, and contrary to Plaintiffs' contention, case law consistently holds that where all defendants are liable for the same damage, their liability is joint and several:

> Joint and several liability applies when there has been a judgment against multiple defendants. It can result in one defendant's paying more than its apportioned share of liability when the plaintiff's recovery from other defendants is limited by factors beyond the plaintiff's control, such as a defendant's insolvency. When the limitations on the plaintiff's recovery arise from outside forces, joint and several liability makes the other

|   |   |
|---|---|
| 1 | defendants, rather than an innocent plaintiff, responsible |
| 2 | for the shortfall. |

*McDermott, Inc. v. AmClyde*, 511 U.S. 202, 220–221. Citing the *McDermott* case, *Honeycutt v. United States*, ___ U.S. ___, 198 L. Ed. 2d 73, 137 S. Ct. 1626, 1631 (2017) holds:

> If two or more defendants jointly cause harm, each defendant is held liable for the entire amount of the harm; provided, however, that the plaintiff recover only once for the full amount. See Restatement (Second) of Torts § 875 (1977). Application of that principle in the forfeiture context when two or more defendants conspire to violate the law would require that each defendant be held liable for a forfeiture judgment based not only on property that he used in or acquired because of the crime, but also on property obtained by his co-conspirator.

*United States v. Monsanto Co.*, 858 F.2d 160, 171–72 (4th Cir. 1988) holds that:

> Under common law rules, when two or more persons act independently to cause a single harm for which there is a reasonable basis of apportionment according to the contribution of each, each is held liable only for the portion of harm that he causes. *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 260 n. 8, 99 S.Ct. 2753, 2756 n. 8, 61 L.Ed.2d 521 (1979). *When such persons cause a single and indivisible harm, however, they are held liable jointly and severally for the entire harm.* [Emphasis added.]

## V. JUDGMENT ON THE VERDICT SHOULD BE FOR $315,000 AGAINST ALL DEFENDANTS, JOINTLY AND SEVERALLY

The instant case, as in *Louis Vuitton*, involves statutory damages for both copyright and trademark infringement, for which there can be but one statutory damage award for the one copyright infringed and but one statutory damage award for each of the three trademarks infringed. As in *Louis Vuitton*, while the jury was invited to specify statutory damages awards against each of the three defendants, it was not requested to total the award. The amount of statutory damages awarded by the jury for each trademark infringement was $100,000; the amount of statutory damages awarded for the copyright infringement was $15,000. These amounts cannot be multiplied by three; rather, per the above authorities, and because the Verdict also made clear that they found each defendant liable for the statutory damage amounts, the judgment on the Verdict must be for a total of $315,000 against all defendants, jointly and severally.

## VI. CONCLUSION

For the foregoing reasons, the judgment on the Verdict should be in accordance with the above.

Dated: November 23, 2022        Respectfully submitted,

                                JAY STATMAN
                                LAW OFFICES OF VICTOR SHERMAN

                                By /s/ JAY STATMAN
                                    Attorneys for Defendants