UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-06689-RGK-JC | Date | January 20, 2023 |
|---|---|---|---|
| Title | *Michael Andrew Robinson, et al v. Best Price Distributors, LLC, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

Not Present                                                            Not Present

**Proceedings:** (IN CHAMBERS) Order re Defendants' Motion to Clarify Judgment [DE 238], Plaintiffs' Motion for Permanent Injunction [DE 239], and Plaintiffs' Motion for Attorneys' Fees [DE 240]

## I.   INTRODUCTION

On August 18, 2021, Grabba Leaf LLC ("Grabba Leaf") and its managing member Michael Andrew Robinson ("Robinson," and collectively, "Plaintiffs") filed a lawsuit against Khaled M. Ahmed and Sandra S. Cervantes, as well as their business All Grabba Leaf LLC[1] d.b.a. Western Wholesale ("Western Wholesale," and collectively, "Defendants"). (*See* Compl., ECF No. 1.) Plaintiffs allege: (1) counterfeiting and infringement of three trademarks in violation of 15 U.S.C. § 1114; (2) infringement of the same three trademarks in violation of 15 U.S.C. § 1125(a); and (3) unfair competition. (*Id.*) On June 1, 2022, Plaintiffs filed a first amended complaint ("FAC"), adding claims for direct and contributory infringement of one copyright. (*See* FAC, ECF No. 72.)

The case proceeded to jury trial on November 8, 2022. Before the case went to the jury, the Court dismissed Plaintiffs' claims for willful infringement and their prayer for actual damages, both due to insufficient evidence. The jury then found all three defendants liable for trademark infringement and direct copyright infringement, but not for contributory copyright infringement. (*See* Verdict Form, ECF No. 232.) The jury awarded statutory damages of $100,000 for each trademark infringed, and $15,000 for copyright infringement. (*Id.* at 1–3.)

Presently before the Court are three Motions: (1) Defendants' Motion to Clarify Judgment; (2) Plaintiffs' Motion for Permanent Injunction; and (3) Plaintiffs' Motion for Attorneys' Fees. (ECF Nos.

---

[1] Plaintiffs initially erroneously sued "Best Price Distributors, LLC," rather than All Grabba Leaf, LLC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06689-RGK-JC | Date | January 20, 2023 |
|---|---|---|---|
| Title | *Michael Andrew Robinson, et al v. Best Price Distributors, LLC, et al* | | |

238–40.) For the following reasons, the Court **GRANTS** Defendants' Motion and **DENIES** Plaintiffs' Motions.

## II. FACTUAL BACKGROUND

These facts summarize the case Plaintiffs presented at trial:

Plaintiffs market and sell raw tobacco leaf products. They own three trademarks covering their brand name Grabba Leaf: (1) Reg. No. 4,160,203, a stylized word mark featuring a tobacco leaf design; (2) Reg. No. 4,461,093, a stylized word mark featuring a slightly different tobacco leaf design; and (3) Reg. No. 4,487,117, a word mark for use with cigar wraps. Plaintiff also owns Copyright Registration No. VA2-152-331, which covers the artwork used in the Grabba Leaf logo.

Plaintiffs and Defendants began a business relationship in 2018, and for two years Defendants purchased legitimate Grabba Leaf products for resale. All was well until August 2020, when a third-party storeowner received complaints that the Grabba Leaf she had purchased from Defendants was not genuine. After Defendants refused to refund her, she reported the fake product to Plaintiffs. In response, Plaintiffs began sending private investigators to Defendants' store in February 2021. Those investigators purchased Grabba Leaf from Defendants over a four-month period, all of which Plaintiffs determined to be counterfeit. Plaintiffs eventually brought this lawsuit in August 2021. Although Defendants stopped selling the counterfeit products after this lawsuit was filed, they allegedly funneled the counterfeits to at least one other store, a smoke shop operated by a Maria Sotelo at 5800 West Boulevard in Los Angeles, California.[2]

## III. DISCUSSION

The Motions before the Court present three issues. First, Defendants ask the Court to clarify that the jury awarded $315,000, rather than $945,000, in combined statutory damages. Second, Plaintiffs seek a permanent injunction ordering Defendants to cease further infringements and to return any Grabba Leaf inventory that Defendants possess. Finally, Plaintiffs seek attorneys' fees under the fee provision of the Copyright Act, 17 U.S.C. § 505. The Court addresses each Motion in turn.

### A. Motion to Clarify Judgment

The jury stated on the Verdict Form that as to each trademark infringed, each Defendant was responsible for $100,000 in statutory damages. (Verdict Form at 1–2.) For copyright infringement, the

---

[2] As discussed further below, the jury found that Defendants did not contribute to any infringement by Maria Sotelo.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06689-RGK-JC | Date | January 20, 2023 |
|---|---|---|---|
| Title | *Michael Andrew Robinson, et al v. Best Price Distributors, LLC, et al* | | |

jury found each Defendant responsible for $15,000 in damages. (*Id.* at 3.) Nowhere on the Verdict Form did the jury add the damages assigned to each defendant together, nor were they asked to.

Defendants argue that the jury found each defendant jointly and severally liable for each infringement, resulting in a total judgment of $315,000—$100,000 for the infringement of each trademark, and $15,000 for copyright infringement. Plaintiffs counter that the Verdict Form indicates the jury intended to triple the award to $945,000, with each defendant separately and individually liable for each infringement.[3] The Court agrees with Defendants.

The statutory maximum for non-willful trademark infringement is "not . . . more than $200,000 per counterfeit mark." 15 U.S.C. § 1117(c)(1). Similarly, the statutory maximum for non-willful copyright infringement is "not . . . more than $30,000." 17 U.S.C. § 504(c)(1). "When statutory damages are assessed against one defendant or a group of defendants held to be jointly and severally liable, each work infringed may form the basis of *only one* award, regardless of the number of separate infringements of that work." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 946 (9th Cir. 2011) (internal quotations omitted) (emphasis added). In other words, "[s]tatutory damages reach a maximum based on the number of protected works, not the number of defendants." *Id.* at 947. Separate statutory judgments are only available in situations where "two or more defendants are not jointly liable." *Id.* at 946 (quoting 17 U.S.C. § 504, Notes of Committee on the Judiciary, H.R. Rep. No. 94–1476, 1976 U.S.C.C.A.N. (1976)).

There is no indication that any defendant is separately liable for any infringement in this case. The *gravamen* of Plaintiffs' infringement theory was that Western Wholesale sold infringing products, and that Ahmed and Cervantes were the owners and managers of the store (and therefore responsible for the infringing sales). And when the evidence shows that a company's officers were the "moving, active conscious force behind the [company's] infringement," the corporate officers are jointly and severally liable—not separately and individually—for the infringement, along with the company. *Talent Mobile Dev., Inc. v. Headios Grp.*, 382 F. Supp. 3d 953, 962–63 (C.D. Cal. 2019). Thus, "[t]here [is] no legal basis for multiplying the award by the number of defendants." *Louis Vuitton Malletier*, 658 F.3d at 947.

If the Court interpreted the verdict in the manner that Plaintiffs request—a total of $300,000 for each trademark violation and a total of $45,000 for the copyright violation—it would be condoning an award that exceeds the statutory maximum. The Court will not do so. Accordingly, Defendants' Motion to Clarify the Judgment is **GRANTED**. The jury awarded Plaintiffs $100,000 for each trademark

---

[3] In other words, $100,000 per defendant per trademark infringed and $15,000 per defendant for copyright infringement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06689-RGK-JC | Date | January 20, 2023 |
|---|---|---|---|
| Title | *Michael Andrew Robinson, et al v. Best Price Distributors, LLC, et al* | | |

infringed and $15,000 for copyright infringement. The total award, therefore, is $315,000, with each defendant being jointly and severally liable.[4]

### B. Motion for Permanent Injunction

Plaintiffs ask the Court to permanently enjoin Defendants from: (1) infringing upon Plaintiffs' trademarks and copyright; (2) using Grabba Leaf in connection with any marketing, advertising, promoting, and/or selling services or goods; and (3) using the phrase Grabba Leaf in connection with any name or business. They also seek an order that Defendants return any Grabba Leaf products they have in their possession. (*See* Pls.' Mot. for Permanent Injunction at 2.) Defendants counter that Plaintiffs have not shown that they are facing irreparable harm or that damages are an inadequate remedy for the infringements in this case. The Court agrees with Defendants.

#### 1. *Judicial Standard*

"A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Additionally, Federal Rule of Civil Procedure 65(d) "requires that any injunction or restraining order be 'specific in terms' and describe in reasonable detail . . . the act or acts sought to be restrained." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1132 (9th Cir. 2006) (quoting Fed. R. Civ. P. 65(d)). "If an injunction does not clearly describe prohibited or required conduct, it is not enforceable by contempt." *Id.* (internal quotation omitted).

#### 2. *Analysis*

The Court finds that Plaintiffs are unable to demonstrate the irreparable harm required for an injunction.

Plaintiffs assert that Defendants' infringement will result in irreparable harm because Defendants are likely to continue selling counterfeit Grabba Leaf products and the sales of such products will result in a "lack of control over the integrity and consumer acceptance" of its marks. (Pls.' Mot. Permanent

---

[4] The majority of Plaintiffs' Opposition argued that Defendants had waived any objection to the Verdict Form, the Jury Instructions, or the Verdict itself. But Defendants' Motion made no such objections. Rather, it asked the Court to: (1) clarify a verdict that contained ambiguities; and (2) ensure that the verdict aligned with governing law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06689-RGK-JC | Date | January 20, 2023 |
|---|---|---|---|
| Title | *Michael Andrew Robinson, et al v. Best Price Distributors, LLC, et al* | | |

Injunction at 7.) In addition, a finding of trademark infringement grants Plaintiffs a rebuttable presumption of irreparable harm. *See* 15 U.S.C. § 1116(a). But these arguments echo those that Plaintiffs made in support of an earlier Motion for Preliminary Injunction. In its Order on that Motion (the "Preliminary Injunction Order"), the Court found that Defendants had successfully rebutted the presumption (at least in part), because Defendants "assert[ed] that they have not sold any Grabba Leaf products [at Western Wholesale] since December 7, 2021" and "Plaintiffs . . . concede[d]" as much. (Order re: Mot. Prelim. Injunction at 5, ECF No. 76.) As such, the Court denied Plaintiffs' request for a preliminary injunction as to Grabba Leaf sold from Western Wholesale. Since then, Plaintiffs have produced no evidence that Defendants started selling Grabba Leaf again. Absent such evidence, the Court sees no reason to reconsider its earlier finding.

The Preliminary Injunction Order, however, granted a limited injunction related to Grabba Leaf sales from Maria Sotelo's smoke shop. This was because Plaintiffs produced evidence that Ahmed and Cervantes "participated in the [5800 West Boulevard] sales," so the Court found they had carried their burden of showing irreparable harm as to those sales. (*Id.*) At trial, however, the jury rejected Plaintiffs' claim that Defendants caused Maria Sotelo to infringe on their copyright (and thus must have rejected evidence that they had participated in the sales). (*See* Verdict Form at 3.) Accordingly, Plaintiffs have failed to show a likelihood of irreparable harm relating to the smoke shop.

Plaintiffs' delay in vindicating their rights also militates against a finding of irreparable harm. A significant delay in bringing suit or seeking injunctive relief implies a lack of urgency and thus a lack of irreparable harm. *See Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015); *see also* 4 Nimmer on Copyright § 14.06[A][3][c] (noting, in the copyright context, that unreasonable delay can defeat irreparable injury and the length of time "need not be great"). Here, Plaintiffs were first informed that Defendants were selling counterfeit products in August 2020. Nonetheless, Plaintiffs did not investigate the claim until February 2021—six months later—and did not file this lawsuit until August 2021. That Plaintiffs waited half a year to begin investigating claims of counterfeiting indicates that any harm was not, in fact, irreparable.

Finally, Plaintiffs argue that they face irreparable harm due to a potential loss of "consumer acceptance" of the Grabba Leaf marks. (Pls.' Mot. Preliminary Injunction at 7.) But the evidence presented at trial belies such a claim. The only evidence of loss of goodwill was the testimony of Ms. Iva Shin, a storeowner who received complaints that the Grabba Leaf product she purchased from Defendants was fake. (*See* Pls.' Mot. Permanent Injunction, Pendergrass Decl. Ex. 2 at 39, ECF No. 239-3 ("I am buying Grabba Leaf Western Wholesale . . . I am sell, little bit, little bit sale. Customer complain . . . [that] [t]his is fake.").) It is unclear to the Court how genuine Grabba Leaf products lose consumer acceptance when, according to Plaintiffs' own evidence, customers are able to distinguish between genuine and counterfeit Grabba Leaf goods.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-06689-RGK-JC | Date | January 20, 2023 |
|---|---|---|---|
| Title | *Michael Andrew Robinson, et al v. Best Price Distributors, LLC, et al* | | |

For these reasons, Defendants have rebutted any presumption of irreparable harm, and Plaintiffs have not presented sufficient evidence to establish that they are likely to suffer such harm. The Court therefore **DENIES** Plaintiffs' Motion for a permanent injunction.[5]

**C.    Motion for Attorneys' Fees**

Plaintiffs' second Motion seeks attorneys' fees under the Copyright Act. Defendants argue that fee awards under the Copyright Act are discretionary, and that Plaintiffs have not shown that an award of fees is proper here. The Court agrees.

    *1.    Judicial Standard*

Under the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party . . . The court may also award reasonable attorneys' fees to the prevailing party as part of the costs." 17 U.S.C. § 505. In exercising its discretion, a court should consider: (1) "the degree of success obtained in the litigation,"; (2) the "need in particular circumstances to advance considerations of compensation and deterrence"; (3) the "purposes of the Copyright Act"; (4) the "reasonableness of [the] losing party's legal and factual arguments"; (5) frivolousness; and (6) and the motivation of the party seeking fees. *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1037 (9th Cir. 2018). Courts have broad discretion in awarding fees, "as long as they treat prevailing plaintiffs and prevailing defendants alike and seek to promote the Copyright Act's objectives." *Historical Rsch. v. Cabral*, 80 F.3d 377, 378 (9th Cir. 1996).

    *2.    Analysis*

Plaintiffs argue that their success, the unreasonableness of Defendants' litigation tactics, Plaintiffs' motivation in bringing their copyright claim, and the need for compensation and deterrence all favor a fee award. The Court analyses each factor in turn.

---

[5] In addition, Plaintiffs failed to establish that there is no adequate remedy at law. Inadequacy of statutory damages is typically shown where the infringer is either unable to pay the damages or where a "legal remedy would require a multiplicity of suits." *Brighton Collectibles, Inc. v. Pedre Watch Co., Inc.*, 2013 WL 5719071, at *5 (S.D. Cal. Oct. 21, 2013). Here, there is no indication that Defendants cannot pay statutory damages. In addition, after being forced to pay $315,000 for sales of counterfeit products, "[i]t would be absurd for Defendant to even think about committing another act of infringement. If Defendant did commit further infringement, then undoubtedly a jury in the future would find willful infringement and award damages accordingly." *Id.*; *see also Warner-Tamerlane Pub. Corp. v. Leadsinger Corp.*, 2008 WL 11334487, at *7 (C.D. Cal. Apr. 18, 2008) (denying permanent injunction where plaintiffs did not show that any future infringement would cause "far more" harm "than [they] could possibly redress with damages").

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06689-RGK-JC | Date | January 20, 2023 |
|---|---|---|---|
| Title | *Michael Andrew Robinson, et al v. Best Price Distributors, LLC, et al* | | |

### a. Degree of Success

The success of the moving party is measured by "establishing the [non-movant's] liability." *Glacier Films*, 896 F.3d at 1038. This factor favors the party who "obtained complete success on the merits." *Metcalf v. Bochco*, 200 F. App'x 635, 641 (9th Cir. 2006). Because Plaintiffs achieved near-complete success on their claims, this factor weighs in favor of a fee award.

### b. Objective Unreasonableness

When determining whether to award fees, courts should "give substantial weight to the objective reasonableness of the losing party's position." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 200 (2016). A non-movant's litigation tactics are unreasonable when the moving party's case was "clearly correct," *i.e.*, when the non-movant stubbornly continued to litigate despite having "no reasonable defense." *Id.* at 205.

Plaintiffs argue that Defendants put forth four unreasonable defenses: (1) that Plaintiffs' trademarks were invalid; (2) that Defendants "vehemently denied liability and their infringing conduct, even though the evidence demonstrated otherwise"; (3) Defendants argued that it was difficult to tell the difference between authentic and counterfeit Grabba Leaf products; and (4) Defendants relied on two affirmative defenses (unclean hands and first sale doctrine) that were not applicable here.

Plaintiffs' arguments, which seem to assume that this case was never in doubt, are befuddling. This case was hotly contested, as evidenced by two summary judgment Orders issued by the Court, both of which found a dispute of fact over whether Defendants sold counterfeit products. (*See* Order Re: Mot. Summ. J., ECF No. 81; Order Re: Pls.' Mot. Summ. J., ECF No. 123.) That a jury ultimately found Defendants liable does not mean it was unreasonable for Defendants to deny liability, or to argue that it was difficult to determine the difference between genuine and counterfeit products. And the defenses of invalidity, unclean hands, and first sale did not unreasonably prolong this litigation; thanks to the disputes of fact discussed above, this matter was destined for trial whether or not Defendants proffered those defenses.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06689-RGK-JC | Date | January 20, 2023 |
|---|---|---|---|
| Title | *Michael Andrew Robinson, et al v. Best Price Distributors, LLC, et al* | | |

Because Defendants had reasonable defenses, the Court finds that this factor weighs against a fee award.[6]

        c.    *Motivation of the Moving Party*

This factor typically favors the movant when the plaintiff brings suit out of a "desire to protect its copyright," because that "action [is] consistent with a purpose of the Copyright Act." *Unicolors, Inc. v. Kohl's Dep't Stores, Inc.*, 2017 WL 2719983, at *4 (C.D. Cal. Jan. 27, 2017). However, because "the record suggests that the parties' legal arguments and contentions are primarily motivated by their antagonistic dispositions toward one another . . . the Court questions whether . . . the granting of attorney's fees" in this case "furthers the purpose of the Copyright Act." *Thunder Studios, Inc. v. Kazal*, 2019 WL 12536810, at *3 (C.D. Cal. Feb. 14, 2019). In all, this factor is neutral.

        d.    *Need for Compensation and Deterrence*

Awarding fees to a successful plaintiff furthers the purposes of the Copyright Act by "encouraging private enforcement and deterring infringements." *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989). Courts are particularly encouraged to compensate plaintiffs (and deter infringers) when a defendant's infringement is willful. *See Glacier Films*, 896 F.3d at 1039. But when an infringement is not willful and the plaintiff receives a large damages award, the need for deterrence is lessened. *See Greg Young Pub., Inc. v. Zazzle, Inc.*, 2020 WL 3871451, at *9 (C.D. Cal. July 9, 2020). This is particularly true where the lawsuit is "less about principles of artistic creativity and more about" an antagonistic business dispute. *Thunder Studios*, 2019 WL 12536810, at *4. Here, Plaintiffs did not present sufficient evidence to show willful infringement, and they have received a significant damages award. And there is little indication that Plaintiffs' primary purpose in bringing their copyright claim was to "promote creativity for the public good." *Glacier Films*, 896 F.3d at 1041. This factor weighs against a fee award.

        e.    *Conclusion*

In all, the discretionary factors weigh against a grant of attorneys' fees here. The only factor favoring Plaintiffs is their degree of success; every other factor is either neutral or favors Defendants. Accordingly, the Court **DENIES** Plaintiffs' Motion for Attorneys' Fees.

---

[6] Because the Court finds that Defendants' position was not objectively unreasonable, it can easily resolve the separate but related "frivolousness" factor, because an argument is only frivolous if it "lacks an arguable basis in either law or fact." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1074 (D. Ariz. 2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06689-RGK-JC | Date | January 20, 2023 |
|---|---|---|---|
| Title | *Michael Andrew Robinson, et al v. Best Price Distributors, LLC, et al* | | |

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Clarify Judgment and **DENIES** Plaintiffs' Motions for Permanent Injunction and Attorneys' Fees.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer  _____